68

Lawrence SMITH *v.* STATE of Arkansas

CR 82-145                                          648 S.W.2d 490

Supreme Court of Arkansas
Opinion delivered April 11, 1983

*Williamson, Ball & Bird,* by: *Michael W. Lonsberry,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was convicted of capital murder. Ark. Stat. Ann. § 41-1501 (Repl. 1977). The jury fixed his punishment at life imprisonment without parole. We reverse.

Vera Rhoden was brutally murdered in her home on June 6, 1980, during the course of an apparent burglary and robbery. She died from repeated blows to the head with a claw hammer. In April 1981 Freddie Lee Hendrix was arrested on an unrelated charge of aggravated assault. While he was incarcerated in the county jail and before he had obtained counsel, he signed an unsworn statement implicating the appellant, as well as himself, in the murder of Mrs. Rhoden. Nine days before appellant's trial, Hendrix bargained a guilty plea, receiving a sentence of life imprisonment. Thus, he was no longer a co-defendant at the appellant's trial. In substance, his unsworn, written statement to the sheriff and his deputy was that he received ten dollars from the appellant for acting as a lookout while the appellant broke into the Rhoden home and killed and robbed her. At trial, Hendrix repudiated his statement, denying that he was present at the murder scene. He stated that he had signed the written statement under duress, and he had lied to the sentencing judge when he pled guilty on his plea bargain. He testified that his only knowledge about the crime was what he had learned from a person named Garland Woodberry, who was killed prior to trial in an unrelated incident. Woodberry had related to him, Hendrix, that appellant had committed the crime while Woodberry acted as a lookout.

When Hendrix recanted on the witness stand, the prosecution sought to introduce into evidence the written statement previously given to the sheriff and his deputy. Initially, the trial court sustained the objection of defense counsel on the ground that the written statement was hearsay. However, the prosecution later was permitted to read the statement to the jury over the objection of the defense. On appeal the state argues *Chisum v. State*, 273 Ark. 1, 616 S.W.2d 728 (1981), permits the admission into evidence of the written statement for purposes of impeachment. We do not think *Chisum* is controlling here, because it is manifest from the record that Hendrix's written statement was read to the jury, not for purposes of impeachment, but as substantive evidence to prove the truth of the matters asserted in it. When the defense moved for a directed verdict at the close of the state's case, it appears that

both attorneys treated the written statement as substantive evidence in argument to the trial court. Furthermore, the jury was instructed that Hendrix was an accomplice whose testimony required corroboration to sustain a verdict of guilty. This instruction presupposes the written statement was substantive evidence and invites the jury to so consider it. It appears that the prosecutor, in his argument to the jury, treated the written statement as substantive evidence of appellant's guilt. We are convinced that the written statement made to the sheriff and his deputy was used as substantive evidence to prove the truth of the matters asserted in it. It was not given under oath and subject to the penalty of perjury at a trial, hearing, other proceeding, or deposition, so far as the record before us reflects. Therefore, it was hearsay. Ark. Stat. Ann. § 28-1001, Rule 801 (Repl. 1979); *Patterson* v. *State*, 267 Ark. 436, 591 S.W.2d 356 (1979); and *Brown* v. *State*, 262 Ark. 298, 556 S.W.2d 418 (1977). This statement does not come within any exception to the hearsay rule. As we said in *Chisum* v. *State, supra*:

> It was formerly our rule that inconsistent statements were admissible only for impeachment and not as substantive evidence. . . . That limitation has now been abolished entirely in civil cases and has been similarly abolished in criminal cases when the prior statement was given under oath and subject to the penalty of perjury. Uniform Evidence Rule 801 (d) (1). The common law rule was not otherwise changed by the Uniform Rules and still prevails in criminal cases when the prior statement was not under oath . . . .

Accordingly, the trial court erred by allowing the statement to be read to the jury.

The appellant also argues the trial court erred by admitting into evidence certain photographs of the victim as she was found by the investigating officers. The trial court excluded numerous other photographs including some taken after the victim was moved from the scene of the crime. The appellant argues the prejudicial effect of the photographs, which were admitted into evidence, substantially outweighed their probative value, since the appellant was

willing to stipulate to the cause of death, so they should have been excluded from evidence. Ark. Stat. Ann. § 28-1001, Rule 403 (Repl. 1979). The decision to admit photographs into evidence lies within the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of abuse of that discretion; and a photograph is not inadmissible because it is cumulative or unnecessary due to admitted or otherwise proven facts. *Cotton* v. *State*, 276 Ark. 282, 634 S.W.2d 127 (1982). Here, these photographs were relevant and helpful to the jury in understanding the testimony of the witnesses. We cannot agree with the appellant that their probative value is outweighed by any prejudicial effect they might have had. No abuse of discretion is demonstrated.

Appellant insists that he was entitled to a mistrial due to certain remarks made by the prosecuting attorney which were designed to focus the jury's attention on appellant's failure to testify. We consider it unnecessary to discuss this contention since it is unlikely to occur upon a retrial.

We have reviewed the transcript for rulings adverse to appellant and find no other error prejudicial to his rights. Supreme Court Rule 11 (f), Ark. Stat. Ann. Vol. 3A (Repl. 1977).

Reversed and remanded.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. This case should be compared to the case of *Roberts* v. *State*, 278 Ark. 550, 648 S.W.2d 44 (1983); a case which is inexplicably ignored by the majority. Here there is no question that the statement was admitted as substantive evidence and not for purposes of impeachment. Therefore, the fact the statement was read to the jury is irrelevant. If it had been used to impeach, it could have been read. Ark. Stat. Ann. § 28-1001, Rule 613.