Frederick Eugene HARRIS *v.* STATE of Arkansas

CA CR 90-350                                   819 S.W.2d 30

Court of Appeals of Arkansas
Division II
Opinion delivered November 20, 1991

*Gibson & Deen,* by: *Thomas D. Deen,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Sandy Moll,* Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. Frederick Eugene Harris appeals from his conviction at a jury trial of battery in the second degree. He contends that the trial court erred in admitting as substantive evidence an unsworn prior inconsistent statement of a State's witness. We agree and reverse.

On December 3, 1989, Damon Spencer was shot in the stomach during an altercation that took place on the parking lot of a nightclub in Monticello. As a result of the wound, Damon was hospitalized for several weeks and a portion of his stomach had to be removed. At trial, he testified that he was shot while he was fighting with David Karon Ridgell, but did not know who shot him.

Brenda Spencer, sister of the victim, testified that she was present when the fight between her brother and David took place. She stated that David knocked Damon to the ground and that appellant, who was not initially engaged in the fight, came up while Damon was on the ground, "shot him and took off. The gentleman ran up and stuck a pistol in his stomach while he was lying on the ground." While the testimony indicates that a number of persons were present at the time, there were no other witnesses purporting to have seen the shooting.

The State also called Janice Ridgell, wife of David Ridgell, as a witness. She testified that although she was watching the fight at the time Damon was shot, she did not see who shot him.

She admitted that she had given a statement to the police shortly after the incident but denied that she told them she had seen appellant on the parking lot or that she made the statement that appellant came up to where the victim and David were fighting and "reached down and shot him in the stomach."

A police officer was subsequently called and produced a written, but unsworn, statement signed by Janice Ridgell in which she stated, "I was trying to pull [David] off because I thought [David] had knocked [Damon] out. Then I saw Damon trying to get up and go between [David's] legs. He was trying to get to his car and get a gun. [Appellant] came up and reached down and shot Damon in the stomach. [Appellant] just disappeared."

Appellant's objection to the introduction of the written statement was overruled. Appellant then requested that the jury be advised that the evidence of the prior inconsistent statement could only be considered as affecting the credibility of Janice Ridgell and not as substantive proof of the truth of the matters asserted in the statement. The court refused to give such an instruction and permitted the statement to go to the jury as substantive evidence. We agree that this was error.

Rule 801(d)(1) of the Arkansas Rules of Evidence provides that a prior inconsistent statement is not hearsay when offered in a criminal proceeding if the declarant testifies at trial and is subject to cross-examination concerning the statement, and the statement given *under oath and subject to the penalty of perjury* at a trial, hearing, or other proceeding, or in a deposition. *Ford* v. *State*, 296 Ark. 8, 753 S.W.2d 258 (1988); *Smith* v. *State*, 279 Ark. 68, 648 S.W.2d 490 (1983). Rule 613 permits extrinsic evidence of prior inconsistent statements of a witness for purposes of impeachment if the witness is afforded the opportunity to explain or deny the statement and does not admit having made it, and the other party afforded the opportunity to interrogate the witness on that statement. *Ford* v. *State, supra.* Unsworn prior statements made by a witness cannot be introduced as substantive evidence in a criminal case to prove the truth of the matter asserted therein. *Smith* v. *State*, 279 Ark. 688, 648 S.W.2d 490 (1983); *Chisum* v. *State*, 273 Ark. 1, 616 S.W.2d 728 (1981). Here, although the statement in question was signed,

it was not given under oath and subject to the penalty of perjury. Therefore, it was hearsay and inadmissible as substantive evidence.

■ Although the statement was inadmissible to prove the truth of the matter asserted, it was admissible for the purposes of impeachment. Whenever evidence that is admissible as to one party or for one purpose but not admissible as to another party or for any other purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly. Ark. R. Evid. 105. Therefore, we conclude that it was error for the trial court to refuse to give the requested limiting instruction.

■ The State contends that even if the court erred in its ruling, the error was not prejudicial because appellant admitted in his testimony to having shot the victim. It is true that appellant did admit firing the shot, but that admission was accompanied by his testimony of justification for the shooting, which was his sole defense to the charge. He also denied that he "reached down" and shot Damon in the stomach, stating that he (appellant) was "on the ground" and that Damon was "over" him when he fired the shot. The State's reliance on *Russell* v. *State*, 289 Ark. 533, 712 S.W.2d 916 (1986), and *Orr* v. *State*, 288 Ark. 118, 703 S.W.2d 438 (1986), is unavailing. The evidence of guilt in this case was not overwhelming as it was in *Russell*, nor was the objectionable statement merely cumulative or repetitious of numerous other witnesses as in *Orr*. Of the number of persons said to have been at the scene of the crime, only Brenda Spencer, the sister of the victim, testified in contradiction to appellant's testimony that he acted in self-defense and his testimony about the manner of the shooting.

From our review of the record, we cannot conclude that the error was not prejudicial. The conviction is therefore reversed and the cause remanded for a new trial.

Reversed and remanded.

DANIELSON and MAYFIELD, JJ., agree.