John L. LEWIS *v.* STATE of Arkansas

CA CR 92-666                                   848 S.W.2d 955

Court of Appeals of Arkansas
Division I
Opinion delivered March 3, 1993

*Teri L. Chambers*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. John L. Lewis was charged with the aggravated robbery of a convenience store on June 21, 1986. He was convicted by a jury of robbery and sentenced as a habitual offender to thirty years in the Arkansas Department of Correction. On appeal he argues that the trial court erred in denying him the opportunity to ask a witness whether she had made a prior inconsistent statement; in informing the jury, during the sentencing stage of the trial, of the punishment imposed for his previous convictions; and in denying his request for a jury admonishment when the prosecutor improperly argued to the jury, during the sentencing stage, that the evidence proved aggravated robbery even though the jury had already returned a verdict of guilty of robbery.

Appellant does not challenge the sufficiency of the evidence; therefore, only a brief recital of the facts is necessary. Rita Holiman testified that on June 21, 1986, she was the clerk at a Junior Food Mart when, at about 12:30 a.m., a man came in and asked for change to use in the telephone. When she opened the cash register the man reached over the counter and began grabbing the money. Ms. Holiman said that when he got all the money from the register he demanded that she open the safe. She testified that she told the man that she could not open it, but the man said to give him the money from the safe or he would kill her, and that he put his hand in his pocket as if he had a weapon. So, Ms. Holiman got the money from the safe and gave it to the man. She said there was approximately $370 in small bills and coins in the cash register and some "big money" and blank money orders in the safe. She positively identified the defendant as the man who robbed her. On cross-examination Ms. Holiman testified that the shirt appellant was wearing at the time of the robbery was "a dark

color."

Several police officers testified to investigating the robbery, apprehending appellant, finding money on him, and that he told them the money came from the Junior Food Mart. One officer testified that when the appellant was arrested he was wearing blue jeans and a dark colored shirt with light sleeves.

After the State rested, defense counsel called Ms. Holiman to the witness stand and established that she had given the police a description of the man who had robbed her. Counsel then started to hand her a copy of the police report, and the prosecutor objected that the report was hearsay. The trial judge sustained the objection. As his first argument on appeal, appellant contends that "the trial court erred in denying appellant the opportunity to ask witness Rita Holiman whether she had made a prior inconsistent statement."

Arkansas Rule of Evidence 613 permits extrinsic evidence of prior inconsistent statements of a witness for purposes of impeachment if the witness is afforded the opportunity to explain or deny the statement and does not admit having made it, and the other party is afforded the opportunity to interrogate the witness on that statement. However, unsworn prior statements made by a witness cannot be introduced as substantive evidence in a criminal case to prove the truth of the matter asserted therein. *Harris v. State*, 36 Ark. App. 120, 819 S.W.2d 30 (1991). Under Ark. R. Evid. Rule 105, whenever evidence is admissible for one purpose but not admissible for another purpose, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly. *Crawford v. State*, 309 Ark. 54, 827 S.W.2d 134 (1992); *Harris, supra.*

So, the description of the robber Ms. Holiman gave the police on the telephone could have been admissible to impeach her testimony by showing a prior inconsistent statement, but it would not be admissible as substantive evidence. Appellant points out that the police report (which was proffered for the record) stated that Ms. Holiman said the robber was wearing "a light colored pullover shirt," and at trial she testified that the shirt he was wearing was "a dark color." Appellant's brief states: "Thus, it is clear that the testimony defense counsel attempted to elicit was being offered for impeachment purposes." However, defense

counsel (who is not the same attorney on appeal) failed to ask Ms. Holiman whether she made the statement as contained in the police report. If that question had been asked and answered in the affirmative the matter would have been concluded as the witness would have been impeached. *Ford* v. *State*, 296 Ark. 8, 18, 753 S.W.2d 258, 263 (1988) (an admitted liar need not be proved to be one). But the problem here is that Ms. Holiman was not asked whether she made the statement in the report. Ark. R. Evid. 613(b) provides that "extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same." The trial court did not rule that defense counsel could not ask Ms. Holiman whether she had made the statement that was attributed to her by the police report. The trial court simply would not allow counsel to reveal what the report stated Ms. Holiman said until she had been asked whether she had made that statement. We think the trial court was correct.

Next, appellant argues that the judge erred in informing the jury, during the sentencing phase of the proceedings, of the punishments imposed on appellant for his previous convictions. Arkansas Code Annotated Section 5-4-502 (1987) provides:

The following procedure shall govern trials at which a sentence to an extended term of imprisonment is sought pursuant to § 5-4-501:

(1) The jury shall first hear all evidence relevant to the felony with which defendant is currently charged and shall retire to reach a verdict of guilt or innocence on this charge.

(2) If the defendant is found guilty of the felony, the trial court, out of the hearing of the jury, shall hear evidence of the defendant's previous felony convictions or previous findings of the defendant's guilt of felonies and shall determine the number of prior felony convictions, if any. Defendant shall have the right to hear and controvert this evidence and to offer evidence in his support.

(3) The trial court shall then instruct the jury as to the number of previous convictions and the statutory sentencing range. The jury may be advised as to the nature of the previous convictions and the date and place thereof.

(4) The jury shall retire again and then determine a sentence within the statutory range.

Appellant argues that the trial court violated this statute by informing the jury of the specific punishments imposed upon appellant for his previous convictions. He contends that the statute, by specifically stating the jury shall be informed of the "statutory sentencing range," has by negative implication made it unlawful to inform the jury of the specific sentences imposed. He contends this information prejudiced him because the prosecutor was able to argue that the previous sentences were too light and to encourage the jury to give the maximum sentence of thirty years.

The record shows that appellant failed to specifically object to the fact that the judge told the jury what sentences appellant had received for his previous convictions. After the court told the jury that the appellant had two previous felony convictions, the court said, "Now, I will tell you about the two previous convictions." At that point, the appellant's attorney made the following objection:

Your Honor, I believe I am going to object to the Court telling what they were, and allege to the Court that all you have to do is show what they were — I mean, what he was convicted of — the charge and in effect there was a conviction or that he plead guilty or was found guilty. I object to the Court telling what they involved.

The court then said:

Well, I am going to let the jury know what the information charges and I am going to tell the jury what the disposition was. I think that is proper.

Counsel for appellant responded to the above statements by saying "thank you," and there was no further response or objection when the court told the jury what sentences the appellant had received for his previous convictions.

It has consistently been held that in order to preserve an issue for appellate review, the objection below must be specific enough to apprise the trial court of the particular error about which appellant complains. *Terry* v. *State*, 309 Ark. 64, 826

S.W.2d 817 (1992); *Clark* v. *State*, 26 Ark. App. 268, 764 S.W.2d 458 (1989). The trial judge told the jury, "Now I will tell you about the two previous convictions." Subsection 3 of the statute provides that certain information about the previous convictions be given the jury. Appellant's objection was not clear. The precise objection was: "I object to the court telling what they involved." However, subsection 3 provides that the jury "may be advised as to the nature of the previous convictions." We do not think appellant's objection was specific enough to apprise the trial judge of the argument now being made on appeal. Moreover, after the court ruled upon appellant's objection his counsel said, "thank you."

Finally, appellant argues that the court erred in denying his request for a jury admonishment on the basis that the prosecutor improperly argued to the jury that the evidence proved aggravated robbery. In his jury argument, during the sentencing phase of the trial, the prosecutor referred to the robbery for which appellant had been convicted as "aggravated robbery" although the jury had already returned a verdict of simple "robbery." When the prosecutor made this argument defense counsel stated:

> I object to the use of the term aggravated robbery. It is not. It is robbery. That is what a jury of 12 folks — and I ask that the jury be admonished of the fact that it is not aggravated robbery. They found him guilty of robbery.
>
> THE COURT: Well —
>
> DEFENSE COUNSEL: I again ask for a mistrial.
>
> THE COURT: No sir. Your motion is denied. I assume the prosecutor has his own opinion and he can state his opinion. You may state yours.

Defense counsel then proceeded with his argument to the jury without further mention of a request for admonishment.

■■ Some leeway must be given in opening and closing remarks and counsel are free to argue every plausible inference which can be drawn from the testimony. *Abraham* v. *State*, 274 Ark. 506, 625 S.W.2d 518 (1981). The State may argue for the maximum punishment in sensible language just as a defendant may argue for the minimum punishment. *Holloway* v. *State*, 268

Ark. 24, 594 S.W.2d 2 (1980). The trial court has a wide latitude of discretion in controlling the arguments of counsel, and its rulings in that regard are not overturned in the absence of clear abuse. *Cobbs* v. *State*, 292 Ark. 188, 728 S.W.2d 957 (1987).

Also, mistrial is an extreme and drastic remedy and is proper only if the action on which it is predicated has infected the trial with so much prejudice to the defendant that justice cannot be served by a continuance of the trial. Since the trial judge is in a superior position to assess the possibility of prejudice, he is vested with great discretion in acting on motions for mistrial, and this court will reverse only where that discretion is manifestly abused. *Jimenez* v. *State*, 24 Ark. App. 76, 749 S.W.2d 331 (1988). Obviously, the jury knew that it had just found the appellant guilty of "robbery" and not of "aggravated robbery." Thus, it could not have been mislead by the prosecutor's argument and we do not think the court abused its discretion in its ruling on appellant's request for an admonishment to the jury.

Affirmed.

JENNINGS, C.J., and PITTMAN, J., agree.