David Lee EDWARDS *v.* STATE of Arkansas

CR 93-432                                                    864 S.W.2d 866

Supreme Court of Arkansas
Opinion delivered November 15, 1993

*Rees Law Firm*, by: *David Rees*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. David Lee Edwards was initially charged with two counts of first degree battery and being a felon in possession of a firearm. The charges arose from an incident in which Zolla Cardwell and Jimmy Payne were shot. Payne later died and one of the battery charges was changed to capital murder.

At trial the state's case was based almost entirely upon the testimony of Zolla Cardwell, who identified Edwards as the man who murdered Jimmy Payne and wounded her as she ran from the scene. Edwards and four defense witnesses testified Edwards was at home at the time. The jury returned a verdict of guilty and Edwards appeals from the judgment imposing a sentence of life without parole for capital murder, twenty years for battery and ten years for possession of a firearm. Finding no error, we affirm.

I
The Trial Court Erred In Admitting A Written
Statement By The Appellant As Evidence.

Zolla Cardwell testified that she and Jimmy Payne were walking in West Memphis on the evening of July 16, 1991, when David Lee Edwards passed them on a bicycle. They stopped to speak to two men on a street corner and David Lee Edwards called, "Come here, Jimmy, I want to talk to you." As Jimmy approached him, Edwards drew a gun and shot Payne

in the head. She said David Edwards then cursed her and shot her in the arm and the neck as she fled.

Edwards was arrested at his home and taken to police headquarters where he gave a statement to the effect that at the time of the shooting he was at home with his mother, his wife, their two children, his brother Eugene, and Thomas Mitchell, his nephew. Edwards testified in his own behalf, as did his mother, Hattie Edwards, his niece, Tammy Mitchell, his nephew, Virgil Mitchell, and his brother, Eugene Edwards. Their combined testimony established that in addition to the persons identified in Edwards' written statement, Tiffany Mitchell, Tammy Mitchell, and her baby, Virgil Mitchell and Virgil's cousin, Darius (surname not given), were at the Edwards home that evening.

During David Lee Edwards' cross-examination by the prosecutor he acknowledged having given a statement to the police that he was at home with his mother, wife, nephew and brother. He testified that he told the officer there were others present who were not listed, but he signed the statement anyway. The statement was offered as an exhibit for the state and a defense objection was overruled.

Appellant argues the statement is hearsay and does not come within the purview of A.R.E. 801(d) in that the statement was not given under oath and subject to the penalty of perjury. He maintains that if the defendant takes the stand the statement cannot be introduced by the state as substantive evidence. Appellant cites *Harris* v. *State*, 36 Ark. App. 120, 819 S.W.2d 30 (1991); *Ford* v. *State*, 296 Ark. 8, 753 S.W.2d 258 (1988) and *Smith* v. *State*, 279 Ark. 68, 648 S.W.2d 490 (1983). But those cases have little application here. They deal with the use of prior inconsistent statements used in trial where the declarant is not the accused, but a witness in the trial of one other than the declarant.

■ The state concedes the statement is not admissible under Rule 801(d)(1) but is admissible under 801(d)(2)(i) as an admission by a party-opponent. Appellant does not contend that the statement was made without his being informed of his rights or that it was the product of coercive methods. Rule

801(d)(2) does not require that the statement be made under oath or that its use is dependent upon the defendant's taking the stand. Such statements are, of course, subject to objection based on relevancy, or materiality, etc., but the objection here was based on hearsay and there was no error in the court's ruling. *See United States* v. *Porter,* 544 F.2d 936 (8th Cir. 1976); J. Reynolds, *Arkansas Uniform Rules of Evidence* at 159 (1983), D. Binder, *The Hearsay Handbook* § 28.16 at 510 (3rd ed. 1991).

## II

The Trial Court Erred In Failing To Give A
Proper Curative Instruction Upon Request By
Appellant And For Its Failure To Grant A Mistrial.

During appellant's cross-examination by the state he was asked if he had been convicted of forgery in 1980, answering in the affirmative. Defense counsel objected on grounds the conviction exceeded the maximum period of ten years for the use of such evidence as provided under A.R.E. 609. The objection was sustained and counsel said, "Would you ask the jury to disregard that please?" The court stated, "The objection to the last question was sustained and any answer is stricken, you may disregard it."

Appellant contends the admonition was insufficient and the trial court should have ordered a mistrial on its own motion. We disagree. If the appellant felt the admonition was lacking, he should have brought it to the court's attention and we do not regard the infraction as so egregious as to require a mistrial when none was requested. *Wingfield* v. *State,* 303 Ark. 291, 796 S.W.2d 574 (1990).

## III

The Trial Court Erred In Denying Defense Counsel's
Request That He Be Permitted To Read Part Of Jimmy
Payne's Hospital Record That Was Exculpatory Of The
Defendant.

By stipulation, the parties agreed that the voluminous hospital records of Jimmy Payne could be admitted without objection. Near the end of the trial the prosecutor brought to the atten-

tion of the court and counsel an excerpt from the medical history indicating that Payne was shot by Zolla Cardwell.[1] Defense counsel asked to be permitted to read that portion of the record to the jury before resting its case. The state agreed to its use as exculpatory, but objected to counsel reading it, without the state then being permitted to read all portions of the record in contravention. The trial court ruled that counsel for the appellant could read the medical record to the jury in closing argument, but not as part of its case in chief.

Appellant argues that this ruling deprived him of full use of exculpatory evidence because the jury was instructed under our model instructions that the arguments of counsel are not evidence. But that hardly prevents counsel from pointing out to the jury that the medical records, *which were evidence*, contained exculpatory material and then reading it to them.

We are not persuaded the trial court handled the matter improperly. While the closing arguments are not in the record, there is no contention on appeal that the jury was not informed concerning the contents of the victim's medical records and we conclude that the appellant was not prejudiced by the ruling. A.R.E. 103.

The record has been examined in accordance with Ark. Sup. Ct. R. 4-3(h), and it has been determined that there were no rulings adverse to the appellant which constituted prejudicial error.

Affirmed.

---

[1]The excerpt is part of the patient's discharge summary dictated on October 6, 1991, after Payne's death on that date. It reads: "This is a twenty-four year old black male shot in the head while riding a bike. Reportedly the wife shot the patient in the neck."