2012 Ark. App. 285

Robert Dale **MATHIS**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 11–1029.**

Court of Appeals of Arkansas.

April 25, 2012.

The Lane Firm, Jonathan T. Lane, Little Rock, for appellant.

Dustin McDaniel, Atty. Gen., William Andrew Gruber, Asst. Atty. Gen., for appellee.

ROBERT J. GLADWIN, Judge.

On June 30, 2011, appellant Robert Dale Mathis was convicted in Lonoke County Circuit Court of aggravated assault, terroristic threatening, and committing these offenses in the presence of a child. He argues on appeal that the trial court abused its discretion in admitting evidence over his objection and that, without the objectionable evidence, there was insufficient evidence to convict. We affirm his convictions.

A bench trial was held on appellant's charges on June 30, 2011.[1] Amanda Mathis, appellant's wife, testified that on January 26, 2011, she instigated an argument with her husband that became physical. She said that her six-month-old child was there at the time; appellant was trying to leave; she did not want appellant to leave; appellant took the child out of the house; appellant "always leaves whenever he gets to drinking"; she grabbed him, putting her arms around him to keep him there; he was trying to push her off of him; she sustained marks on her neck and chest; she called 911 that night; she spoke to the dispatcher, asking for the police to come; and she was "more mad than hurt." She concluded that appellant was not trying to hurt her but was just trying to get away. She said that at no time did he threaten to cause her harm, serious physical injury, or death.

Helena Davis, a dispatcher at the Lonoke County Sheriff's Office, testified that she received a call from appellant's wife on January 26, 2011. Ms. Davis described Mrs. Mathis as being distraught and crying when she called. Ms. Davis said that she received the call after appellant had left the residence and taken the child. She said that Mrs. Mathis was trying to get officers to look for her husband because he was supposed to be outside the

---

1. The criminal information filed March 11, 2011, accuses appellant of committing aggravated assault on a family or household member in violation of Arkansas Code Annotated section 5–26–306 (Repl.2006); terroristic threatening in violation of Arkansas Code Annotated section 5–13–301 (Repl.2006); enhanced penalties for offenses committed in the presence of a child in violation of Arkansas Code Annotated section 5–4–702 (Supp. 2011); and being a habitual criminal in violation of Arkansas Code Annotated section 5–4–501 (Supp.2011).

residence holding her child just after assaulting her.

The trial court allowed Mrs. Mathis's 911 call to be considered as evidence under the "excited utterance" exception over appellant's objection to its admissibility that the time between the altercation and 911 call had not been established. Defense counsel further noted that "these are essentially prior inconsistent statements" that should not be considered as substantive evidence. The abstract of the 911 call contained statements from Mrs. Mathis that appellant had choked her, put her on the floor, and put a choke hold around her neck. She claimed that she could not breathe when appellant did this and that he threatened to kill her.

Appellant moved for a directed verdict, arguing that Mrs. Mathis testified on direct examination that appellant did not choke, threaten, or put her in substantial risk of death. Further, Mrs. Mathis testified that the marks on her neck were a result of appellant trying to get away from her when she tried to stop him from leaving. He argued that the prior inconsistent statements made in the 911 tape could only be used to evaluate credibility, not provide substantive evidence. He concluded that the State had failed to put forth any substantive evidence of any extreme indifference to the value of human life or any conduct that created a substantial danger of death or serious physical injury. Without any substantive evidence of the offenses, appellant claimed that there was no offense committed in the presence of a child.

The trial court denied the directed-verdict motion and found appellant guilty of aggravated assault, terrorist threatening, and committing the offenses in the presence of a child. Appellant was sentenced to an aggregate term of eleven years in the Arkansas Department of Correction.

In this timely appeal that followed his conviction, appellant argues that the trial court abused its discretion in admitting as substantive evidence the 911 recording pursuant to the "excited utterance" hearsay exception.

The decision to admit or exclude evidence is within the sound discretion of the circuit court, and we will not reverse a circuit court's decision regarding the admission of evidence absent a manifest abuse of discretion. *Pace v. State*, 2010 Ark. App. 491, 375 S.W.3d 751. Nor will we reverse absent a showing of prejudice. *James v. State*, 2010 Ark. 486, 372 S.W.3d 800. Specifically, we have stated that an appellate court will not reverse a circuit court's ruling on a hearsay question unless the appellant can demonstrate an abuse of discretion. *Pace, supra.* An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision, but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Id.*

Appellant argues in this appeal that (1) prior inconsistent statements of witnesses who are available at trial are not hearsay, Arkansas Rule of Evidence 802 (2011); (2) Mrs. Mathis was not given an opportunity to affirm or deny her prior inconsistent statement, Arkansas Rule of Evidence 613 (2011); (3) prior statements can be considered for purposes of evaluating credibility, not as substantive evidence, *Lewis v. State*, 41 Ark.App. 89, 848 S.W.2d 955 (1993); and (4) absent the prior inconsistent statement, the State did not produce sufficient evidence to convict.

## I. *Sufficiency*

Protection of appellant's double-jeopardy rights requires that we address appellant's sufficiency argument prior to addressing other asserted trial errors. *Sullivan v. State*, 2012 Ark. 74, 386 S.W.3d

507. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.* When a defendant challenges the sufficiency of the evidence that led to a conviction, the evidence is viewed in the light most favorable to the State. *Id.* This court does not weigh the evidence presented at trial, as that is a matter for the fact-finder; nor do we assess the credibility of the witnesses. *Beare v. State,* 2010 Ark. App. 544, 2010 WL 2606525.

■ Appellant argues that the 911 recording contained allegations that appellant choked, caused bruises, and threatened the life of Mrs. Mathis. At trial, Mrs. Mathis specifically denied that those things occurred. Thus, appellant contends that, absent the prior inconsistent statement, the State would not have produced sufficient evidence to prove the charges against him. Appellant claims that the only evidence before the trial court would have been Mrs. Mathis's explanation offered when she testified. Thus, appellant argues that he was prejudiced by the admission of the 911 recording because it was the only evidence that supported the verdict.

The State maintains that there was substantial evidence presented to convict appellant of the charged offenses. The Lonoke County dispatcher testified that she received a 911 call from Mrs. Mathis reporting a domestic disturbance, and Mrs. Mathis was distraught and crying. She remembered Mrs. Mathis saying that appellant choked her, she could not breathe, he had his hands around her neck, and he threatened to kill her and "take her out." Mrs. Mathis testified that on the night in question she and appellant argued, and as he was trying to take their child from the residence, she grabbed him to prevent his leaving, thus, sustaining marks on her neck and chest when he pushed her away. She said that she was upset at the situation, but that appellant was not trying to hurt her and did not threaten her during the course of the altercation. However, in her 911 call, the victim stated that appellant choked her, she could not breathe, and he threatened to kill her, all in the presence of their child. Lonoke County Sheriff's Deputy Christopher Hill testified that he responded to the victim's 911 call. When he met with the victim, he noticed bruising on her body, and, when he entered her residence, he saw broken dishes and cabinets knocked off the walls, indicating that there had been an altercation. Lonoke County Sheriff's Sergeant David Bufford testified that appellant fled the scene and went to a neighbor's house to hide.

The foregoing evidence, viewed in the light most favorable to the State, is sufficient to support the trial court's conclusion that appellant committed the charges against him. The fact-finder weighs the evidence presented and determines credibility of witnesses. *Beare, supra.* Further, evidence of appellant's hiding at a neighbor's house is corroborative of his guilt. *See, e.g., Newton v. State,* 2011 Ark. App. 190, 382 S.W.3d 711.

## II. *Prior Inconsistent Statements*

■ Appellant contends that the trial court should have denied the admission of the 911 recording, arguing only that "prior inconsistent statements of witnesses who are available at trial are not hearsay." Nevertheless, appellant admits that this argument was not made at trial, but urges this court to consider the point pursuant to Arkansas Rules of Evidence 103(d) (2011),

which states that the court is not precluded from taking notice of errors affecting substantial rights although they were not brought to the attention of the court.

■■ The State contends that appellant's argument is not preserved. We agree. A contemporaneous objection is generally required to preserve an issue for appeal, even a constitutional issue. *Anderson v. State*, 353 Ark. 384, 108 S.W.3d 592 (2003). However, our supreme court has recognized four exceptions to the contemporaneous-objection rule, commonly referred to as the *Wicks* exceptions. *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). The four *Wicks* exceptions are (1) when the trial court fails to bring to the jury's attention a matter essential to its consideration of the death penalty itself; (2) when defense counsel has no knowledge of the error and hence no opportunity to object; (3) when the error is so flagrant and so highly prejudicial in character as to make it the duty of the court on its own motion to have instructed the jury correctly; and (4) Arkansas Rule of Evidence 103(d) provides that the appellate court is not precluded from taking notice of errors affecting substantial rights, although they were not brought to the attention of the trial court. *Anderson, supra.* These are narrow exceptions that are to be rarely applied. *Anderson*, 353 Ark. at 396, 108 S.W.3d at 600.

Here, appellant does not cite *Wicks*, nor make any argument other than stating as follows:

Prior inconsistent statements of witnesses who are available at trial are not hearsay. A[rk]. R. E[vid]. 802. The Court should have denied the admission of the 911 recording on this basis alone. Counsel for the Appellant did not make this specific objection at trial, but urges the Court to consider this point pursuant to A[rk]. R. E[vid]. 103(d) as it affected a substantial right of the Appellant.

In *Adams v. State*, 2009 Ark. 375, 326 S.W.3d 764, the Arkansas Supreme Court did not permit a *Wicks* argument when the defendant failed to make a contemporaneous objection at trial regarding a juror's answers to the trial court when being polled following the guilty verdict. Adams did not identify or discuss which *Wicks* exception applied to his case. *Id.* The court held that Adams failed to effectively make an argument for application of a *Wicks* exception that would permit it to address the issue for the first time on appeal. *Id.*

In *Crawford v. State*, 362 Ark. 301, 208 S.W.3d 146 (2005), our supreme court considered a *Wicks* argument pertaining to the defendant's claim that his Fourteenth Amendment rights had been violated because the jury was not instructed on the State's burden of proof for subsequent offenses to be considered by the jury in assessing punishment. Crawford argued that under Rule 103(d) the court should entertain his constitutional argument. *Id.* at 310, 208 S.W.3d at 152. The supreme court held:

In *Buckley v. State*, [349 Ark. 53, 76 S.W.3d 825 (2002) ], we addressed a similar argument. In declining to apply the fourth *Wicks* exception, we held that Rule 103(d) of the Arkansas Rules of Evidence is, as the *Wicks* court noted, "negative, not imposing an affirmative duty" on the court. *Id.* at 66, 76 S.W.3d 825, 76 S.W.3d at 833. Because this issue deals with evidentiary rulings by the trial court, which are subject to an abuse-of-discretion standard, the *Buckley* court held that such rulings "simply must be raised below before this court will consider them on appeal." *Id.* In any event, we note that Crawford's pre-

liminary objection to the detective's testimony was brought to the attention of the circuit court. That objection, however, was not based upon the constitutional grounds Crawford now asserts on appeal. We have narrowly defined the exceptions outlined in *Wicks,* and we decline to expand those exceptions where Crawford simply failed to make a proper, contemporaneous objection at trial. *Alexander v. State,* 335 Ark. 131, 983 S.W.2d 110 (1998). Consequently, we conclude that Crawford's constitutional challenge is not preserved for appellate review.

*Id.* at 310–11, 208 S.W.3d at 152.

Applying our supreme court's reasoning herein, we hold that appellant, having failed to make a proper, contemporaneous objection and failing to make an effective argument for application of a *Wicks* exception, did not preserve his argument for our review.

### III. *Opportunity to Affirm or Deny*

██ Appellant next argues that Mrs. Mathis was not given the opportunity to confirm, deny, or explain the prior inconsistent statement, citing Arkansas Rule of Evidence 613, which provides that extrinsic evidence of prior inconsistent statements of a witness is not allowed unless the witness is afforded an opportunity to explain or deny the same. However, as the State points out, Mrs. Mathis was asked about her call to the dispatcher and explained her statements during that call, saying that she was "more mad than hurt." Thus, even had the 911 recording been considered an inconsistent statement, and not an "excited utterance," as was the case, appellant's argument has no merit.

### IV. *Impeachment vs. Substantive*

██ Finally, appellant claims that, even had the State offered the witness the op-

portunity to deny or explain the prior statement, a prior statement can be considered for purposes of evaluating credibility, not as substantive evidence. *Lewis, supra.* However, the 911 recording was admitted as an "excited utterance" exception to hearsay. Thus, the trial court did not abuse its discretion in admitting the evidence.

Hearsay is an out-of-court statement made by a witness, offered into evidence to prove the truth of the matter asserted. Ark. R. Evid. 801(c) (2011). Hearsay is impermissible at trial unless an exception is presented. Ark. R. Evid. 802. An exception to the general rule is an "excited utterance," defined as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Ark. R. Evid. 803(2). The admissibility of evidence is within the sound discretion of the trial court, and its decision to admit or exclude evidence will not be disturbed absent an abuse of discretion. *E.g., Peterson v. State,* 349 Ark. 195, 76 S.W.3d 845 (2002). A circuit court abuses its discretion only if its decision is arbitrary or groundless. *Isom v. State,* 356 Ark. 156, 148 S.W.3d 257 (2004).

██ The factors for the trial court to consider in its determination of whether an out-of-court statement meets the "excited utterance" exception are "the lapse of time, the age of the declarant, the physical and mental condition of the declarant, the characteristics of the event, and the subject matter of the statement." *Davis v. State,* 2011 Ark. App. 686, at 8–9, 386 S.W.3d 647. Further, the length of time between the "excited utterance" and the event which triggered the statement, although relevant, is not the only factor to consider. *Id.*

The trial court heard the 911 recording and reviewed a partial abstract of it. Because Mrs. Mathis reported a physical assault and the 911 call came within a short time of the assault, the trial court found that her statements made during the call were admissible as an "excited utterance." We hold that the trial court did not abuse its discretion in admitting the recording.

Affirmed.

VAUGHT, C.J., and WYNNE, J., agree.