

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–15–214

| | |
|---|---|
| AMANDA THACKER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered October 21, 2015<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. CR–2014-139-2]<br><br>HONORABLE ROBERT H. WYATT, JR., JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

A Jefferson County jury convicted appellant Amanda Thacker of aggravated assault, and she was sentenced to serve six years in prison and ordered to pay a $2,500 fine. On appeal, she argues that the trial court erred in denying her motion for mistrial and by denying her the right to testify during the sentencing phase. We affirm.

### I.    *Trial: Guilt and Sentencing Phases*

Thacker does not challenge the sufficiency of the evidence supporting her conviction, so only a brief recitation of the facts is necessary. Thacker encountered Phatemia Stokes and Laquandra Baker at a nightclub called PJ's in Pine Bluff. Thacker was dating Stokes's ex-boyfriend, Jett McClain. Thacker believed that McClain was looking at Stokes, so she threw a drink in his face and said, "I'm going to shoot this bitch tonight," while looking at Stokes. After Thacker threw a second drink in Baker's face, both Thacker and McClain were kicked out of the club. Stokes and Baker saw Thacker in the parking lot and observed the handle

SLIP OPINION

of a gun in Thacker's jacket pocket.

Shana Ramage, Stokes's sister-in-law with whom Stokes was staying, was entering her home after a night of playing cards at her mother's house when she heard someone come up from behind her saying, "Yeah, bitch," or "Bitch, I told you." Ramage turned around and saw Thacker pointing a gun at her. Thacker shot at but missed Ramage. Thacker shot a few more rounds, missing each time, so she began pistol whipping Ramage.

After the State had rested, Brandon Jackson testified for the defense. He said that Thacker could not have shot at Ramage because, around the time of the shooting, he was at PJ's with Thacker giving her car a jump because it had broken down there. On cross-examination, Jackson denied ever being incarcerated at the Arkansas Department of Correction (ADC) and told the prosecutor that his records were wrong. The court warned Jackson to watch his tone and clarified that Jackson was sentenced to the ADC but transferred to the Regional Correctional Facility. Jackson continued to deny it and also claimed that he was not aware that he was on a ninety-six months' suspended sentence and did not recall the specifics of any prior convictions. Jackson then stood up from the witness stand and was leaving the courtroom when the judge instructed the bailiff to take him to a holding cell because his pants were "dragging" again. Defense counsel moved for a mistrial on the basis that Thacker's alibi witness had been handcuffed in front of the jury. The judge denied the motion and held Jackson in contempt because he had already told Jackson to pull up his pants but as he was leaving "he's left them down the whole way going out."

At sentencing, Thacker told the jury that she had two children, a seventeen-year-old

son in the military and a twelve-year-old son. She said that what happened to Ramage was unfortunate but that she was not guilty. She admitted the altercation with Stokes and suggested that Stokes was motivated to "come after" her because of her relationship with McClain. The prosecutor objected to Thacker's testimony to the extent that she was arguing the facts, and the trial court instructed Thacker to "stick to sentencing."

## II.  *Arguments & Discussion*

### A.  Motion for Mistrial

Thacker makes a two-prong argument that the trial court erred in denying her motion for mistrial. First, she complains about the comments the judge made when Jackson denied being sentenced to the ADC. Thacker raised no objection during that exchange and did not move for a mistrial.[1] The law is well settled that to preserve an issue for appeal, a defendant must object at the first opportunity, and a motion for mistrial must likewise be made at the first opportunity. *Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000). The appellate courts do not consider arguments raised for the first time on appeal. *Friar v. State*, 313 Ark. 781, 606 S.W.2d 366 (1980).

Second, Thacker argues that the trial court should have granted her motion for mistrial because her alibi witness was arrested in front of the jury, thus impeaching his credibility, which she likens to making comments on evidence, which is strictly forbidden.

---

[1] To the extent that Thacker attempts to preserve her argument in a posttrial motion, she failed to file a notice of appeal from the denial of her motion for mistrial and/or new trial and did not amend her first notice to include the motion after it was deemed denied. Ark. R. App. P.–Crim. 2(b).

3

According to Thacker, the judge "gutted" her witness. A mistrial is an extreme and drastic remedy that will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when the fundamental fairness of the trial has been manifestly affected. *Robinson v. State*, 2010 Ark. App. 419 (citing *King v. State*, 361 Ark. 402, 405, 206 S.W.3d 883, 885 (2005)). The circuit court has wide discretion in granting or denying a mistrial motion, and, absent an abuse of that discretion, the circuit court's decision will not be disturbed on appeal. *Id.*

Thacker relies on *Crosby v. State*, 154 Ark. 20, 241 S.W. 380 (1922), where the supreme court held that the trial court erred by having a witness arrested for perjury in front of the jury. Thacker's reliance is misplaced. The supreme court reversed the conviction because the trial court's action invaded the province of the jury by essentially declaring that the witness was not worthy of belief. Here, the trial court clearly stated that Jackson was taken into custody for contempt for not pulling his pants up as previously instructed. Criminal contempt includes disorderly, contemptuous, or insolent behavior committed during the court's sitting, in its immediate view and presence, and directly tending to interrupt its proceedings or to impair the respect due to its authority. Ark. Code Ann. § 16-10-108(a)(1) (Repl. 2010). Contempt committed in the immediate view and presence of the court may be punished summarily. Ark. Code Ann. § 16-10-108(c). Jackson disobeyed the court's order in front of the jury, and the court was entitled to punish him summarily in front of the jury. We cannot say that the trial court abused its discretion in denying Thacker's motion for mistrial.



## B.   Right to Testify

Next, Thacker contends that she had a right to testify at her criminal trial and that she suffered prejudice "by not being allowed to conclude her testimony in her own manner." Counsel writes, "After the prosecutor's objection, the court cut her off and refused to let her testify." Thacker realizes that she did not object to "the termination" of her testimony at trial but contends that the right to testify is so fundamental to due process that this court may consider it for the first time on appeal under Ark. R. Evid. 103(d).

Arkansas does not have a "plain-error" rule. *Fukunaga v. State*, 2014 Ark. App. 4. An argument for reversal will not be considered in the absence of a proper objection. *Id*. The Arkansas Supreme Court in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980), recognized four narrow exceptions that are to be rarely applied. Thacker does not argue that a *Wicks* exception applies, but she does reference Rule 103(d), which pertains to the fourth *Wicks* exception when the admission or exclusion of evidence affects a defendant's substantial rights. Rule 103(d) provides that nothing in this rule precludes taking notice of errors affecting substantial rights although they were not brought to the attention of the court. Ark. R. Evid. 103(d). The court in *Wicks* noted that Rule 103(d) is "negative, not imposing an affirmative duty, and at most applies only to a ruling which admits or excludes evidence." *Wicks*, 270 Ark. at 787, 606 S.W.2d at 370. Because this issue deals with evidentiary rulings by the trial court, which are subject to an abuse-of-discretion standard, such rulings "simply must be raised below before this court will consider them on appeal." *Mathis v. State*, 2012 Ark. App. 285. Because Thacker failed to raise an objection to the trial court, we decline to consider

this argument on appeal. *See Fukunaga, supra.*

Even if this court entertained Thacker's argument, she cannot show prejudice because, contrary to her counsel's explicit statements in his argument to this court, Thacker *was* permitted to conclude her testimony as she wanted. The record indicates that, not only did Thacker not object to the limitation placed on her testimony, but also that she apologized for getting off track and, after the prosecutor's objection was sustained, she continued her testimony asking the jury for mercy and then thanking the jurors for their time. For these reasons, we affirm.

Affirmed.

GLOVER and VAUGHT, JJ., agree.

*Paul J. Teufel*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.