# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2955

_____

United States of America

*Plaintiff - Appellee*

v.

Dennis Jerome Wright, Jr., also known as Skooter Boo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 23, 2019
Filed: November 8, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and BEAM, Circuit Judges.

_____

PER CURIAM.

Dennis Jerome Wright, Jr., appeals from the district court's[1] grant of the government's petition to revoke his supervised release. He argues that, based on the evidence presented at his revocation hearing, the district court clearly erred in finding that Wright violated the conditions of his supervised release.

These revocation proceedings resulted from events that occurred on July 19, 2018. According to the record evidence, the government alleged that on that date Wright violated his mandatory conditions of supervised release by committing false imprisonment, aggravated assault on a family or household member, terroristic threatening first degree, and interference with emergency communication first degree. The allegations stem from a disagreement and an altercation (verbal and physical) that occurred between Wright and his girlfriend on the night in question. At the hearing, the government played portions of an officer's video footage from that evening. On that video Wright's girlfriend gives her account of the evening's events to the officer. At the revocation hearing, however, she testified that she had very little recollection of what happened, stating that it was as if she had blocked most of it out.

Supporting evidence at the hearing established that on July 19 Wright arrived at his girlfriend's apartment and entered the premises. The two had a disagreement and his girlfriend testified that during their argument that evening Wright put his hands on her throat and restricted her airway for some period of time, more than once. During the altercation, Wright threatened that he was going to kill her. When the two left the apartment at Wright's prompting, his girlfriend banged on a neighbor's door and screamed that she was being kidnapped and called for help. Wright pulled her toward his car but was ultimately unsuccessful in that endeavor. Neighbors witnessed the outside altercation and so testified at the hearing. The police arrived at the scene

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

after the two were outdoors. However, Wright's girlfriend made it clear at a later time that she did not want to pursue this case and press charges against him.

Also on the night of July 19, 2018, Wright called his probation officer, informed him that he was on his way back from Little Rock and was going to the Pine Bluff Police Department in case his girlfriend lied and said that he tried to either hit her or choke her. Wright explained to his probation officer that he had gotten into an argument with his girlfriend about keys and that his girlfriend had accused him of cheating on her. He was concerned that she would call the police department to "lie[] on him." About three minutes after Wright's call, his probation officer received an ATLAS hit, which was a notification that law enforcement was running a check on Wright at that time.

"The district court has the discretion to revoke supervised release if the government proves by a preponderance of the evidence that the defendant violated a condition of supervised release." United States v. Boyd, 792 F.3d 916, 919 (8th Cir. 2015), citing 18 U.S.C. § 3583(e)(3). "A district court need only find a single violation to revoke a defendant's supervised release." United States v. Miller, 557 F.3d 910, 914 (8th Cir. 2009). This court reviews a decision to revoke supervised release for an abuse of discretion, and the court's underlying factual findings for clear error. United States v. Ralph, 480 F.3d 888, 890 (8th Cir. 2007). "A revocation is reversed only if this court has a definite and firm conviction that the [d]istrict [c]ourt was mistaken." United States v. Long, 843 F.3d 338, 340-41 (8th Cir. 2016) (quotation omitted).

The district court found that the government proved by a preponderance of the evidence that Wright committed felony offenses under Arkansas law in violation of his conditions of supervised release, particularly the offenses of false imprisonment and aggravated assault. Wright argues on appeal that as to the assault finding, the government failed to prove the requisite indifference to the value of human life–that

there was no proof that he sought to risk his girlfriend's life when he restricted her airway and no evidence that she feared for her life. However, when a person intentionally and repeatedly chokes another person, that person engages in conduct that exhibits indifference to the value of human life. Mathis v. State, 423 S.W.3d 91, 95 (Ark. Ct. App. 2012).

A preponderance of the evidence supported the district court's conclusion that Wright violated a condition of his supervised release by committing aggravated assault. Despite her reluctance at the revocation hearing to testify against him, Wright's girlfriend previously stated to officers that Wright choked her multiple times and threatened to kill her. His girlfriend also complained later to a neighbor that her neck hurt, and an officer observed swelling and redness on her neck at the scene. The revocation of Wright's supervised release was well within the district court's discretion.[2]

Accordingly, for the reasons stated herein, we affirm.

_____

_____

[2]Because a single violation supports the district court's revocation in this case, and there was ample evidence supporting the district court's finding that Wright committed aggravated assault in violation of the conditions of his supervised release, we need not discuss the court's additional finding that Wright committed false imprisonment.