COURTNEY HUDSON GOODSON, Associate Justice
Appellant Jonathan Antonio Woods appeals an order of the Drew County Circuit Court denying his petition for postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. For reversal, Woods argues that (1) the circuit court erred when it denied without a hearing his claim that his trial counsel was ineffective because counsel compared his case to the O.J. Simpson case, and (2) appellate counsel was ineffective by failing to challenge the sufficiency of the evidence on direct appeal. We affirm.
I. Background
In January 2016, Woods stood trial before a Drew County Circuit Court jury. The State introduced evidence demonstrating that on March 14, 2014, the Monticello Police Department was called to the Save-A-Lot store in Monticello for reports of a man assaulting a woman in the parking lot. The woman proved to be Samantha Poole, and the man was Woods. The incident began inside the store when Woods grabbed Poole by the hair and dragged her outside. Witnesses reported that the man eventually forced Poole at gunpoint into the driver's seat of a Cadillac. One eyewitness reported hearing gunshots and seeing Poole exit the vehicle once before Woods "brought her back." The two then drove away. James Slaughter served as a Drew County sheriff's deputy on the date of the crime. Slaughter testified that he was on the way to the Save-A-Lot when he saw the Cadillac pulling out of the parking lot. Slaughter blocked the Cadillac with his cruiser. Once the Cadillac was stopped, Woods shot Poole multiple times, killing her. Slaughter shot Woods during the confrontation, but Woods survived.
Woods was charged with kidnapping and capital murder under Arkansas Code Annotated § 5-11-102 (Repl. 2012) and Arkansas Code Annotated § 5-10-101 (Supp. 2017). Section 5-11-102 provides that:
(a) A person commits the offense of kidnapping if, without consent, the person restrains another person so as to *497 interfere substantially with the other person's liberty with the purpose of:
(4) Inflicting physical injury upon the other person;
....
(6) Terrorizing the other person or another person
Section 5-10-101 provides that a person commits capital murder if the person commits certain felonies, including kidnapping, and "[i]n the course of and in furtherance of the felony or in immediate flight from the felony, the person or an accomplice causes the death of a person under circumstances manifesting extreme indifference to the value of human life[.]" Woods was convicted of both kidnapping and capital murder and was sentenced respectively to forty years imprisonment and life imprisonment without parole.
Woods filed a timely Rule 37 petition alleging multiple points at which trial and appellate counsel allegedly rendered constitutionally ineffective assistance, including trial counsel's references to the Simpson case and appellate counsel's failure to challenge the sufficiency of the evidence that are the bases of this appeal. The State argued in response that Woods (1) did not show that he was prejudiced by any discussion of the Simpson case, (2) did not explain how counsel's response to a juror's comment about the case was ineffective, and (3) did not demonstrate that any argument by appellate counsel as to the sufficiency of the evidence would have been successful. The circuit court issued written findings and denied the petition without a hearing, and Woods filed a timely appeal.
II. Standard of Review
This court reviews the trial court's decision on a Rule 37.1 petition for clear error. Gordon v. State , 2018 Ark. 73, 539 S.W.3d 586. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. Lacy v. State , 2018 Ark. 174, 545 S.W.3d 746.
III. Analysis
The effectiveness of counsel is measured according to the standard set forth in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Strickland , the Court held that the Sixth Amendment right to counsel is the right to effective assistance of counsel. The Strickland court articulated a two-part test to determine whether counsel's assistance was effective: first, the defendant must prove that the counsel's performance was deficient, and second, the defendant must prove that the deficient performance was prejudicial to the extent that the defendant was deprived of the right to a fair trial. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. E.g. Mancia v. State , 2015 Ark. 115, 459 S.W.3d 259. Additionally, Rule 37.3 of the Arkansas Rules of Criminal Procedure provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. Wooten v. State , 338 Ark. 691, 1 S.W.3d 8 (1999) (citing Bohanan v. State , 327 Ark. 507, 939 S.W.2d 832 (1997) (per curiam) ). If the files and the record show that the petitioner is not entitled to relief, the circuit court is required to make written findings to that effect. Ark. R. Crim. P. 37.3(a).
A. Effectiveness of Trial Counsel
Woods first argues that his trial counsel was ineffective because he referred to the Simpson case. Counsel first *498 mentioned Simpson's case in general voir dire. Although the circuit court erroneously stated that a juror first mentioned the case, the circuit court concluded that counsel's references to the Simpson case fell within the range of reasonable professional assistance.[1] The trial record reveals that Woods's trial counsel asked the entire venire panel for a show of hands as to who thought Simpson was guilty. When he received little response, trial counsel explained the reason for the question:
Here's the reason I asked the question. All of you have said that you believe that a defendant is innocent until they are proven guilty. But you say it - But you see, sometimes you don't believe it. Because what do we know about O.J. Simpson? Twelve men and women have found him not guilty. Okay.
You may think that's a lawyer trick, but it's not. It illustrates my point. And so, I guess my point is, is that can all of you commit - I understand how you get to where you are. But can you commit to us that you will, indeed, follow that principle that, indeed, a defendant is innocent until the government proves him guilty beyond a reasonable doubt? Can I see the hands of all those who will commit to that?
Matters of trial strategy and tactics, even if arguably improvident, are not grounds for a finding of ineffective assistance of counsel. Hayes v. State , 2014 Ark. 104, 431 S.W.3d 882. It is clear that trial counsel's references to the Simpson case were part of a strategy to identify potential jurors who might view his client unfavorably. The files and the record show that Woods is not entitled to relief, and the circuit court's findings sufficiently reflect that fact. The circuit court did not clearly err in determining that the references to the Simpson case fell within the range of reasonable professional assistance or in denying without a hearing Woods's petition as to this point.
B. Effectiveness of Appellate Counsel
Woods next argues that appellate counsel was ineffective because he did not challenge the sufficiency of the evidence on direct appeal. Woods notes that the only issue that appellate counsel raised was that the prosecution excused jurors in a racially discriminatory manner in violation of Batson v. Kentucky , 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Alternatively, Woods argues that his case should be remanded for the circuit court to enter more specific findings on this point.
A petitioner who claims that appellate counsel was ineffective bears the burden of making a clear showing that counsel failed to raise some meritorious issue on appeal. State v. Rainer , 2014 Ark. 306, 440 S.W.3d 315. Woods must demonstrate that the issue was raised at trial, that the circuit court erred in its ruling, and that an argument concerning the issue could have been raised on appeal to merit appellate relief. Id.
On appeal, we treat a motion for directed verdict as a challenge to the sufficiency of the evidence. Starling v. State , 2016 Ark. 20, 480 S.W.3d 158. In reviewing a challenge to the sufficiency of the evidence, we determine whether the verdict is supported by substantial evidence, direct or circumstantial. Reynolds v. State , 2016 Ark. 214, 492 S.W.3d 491.
*499 Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. Id. In reviewing a sufficiency challenge, we view the evidence in the light most favorable to the State, considering only evidence that supports the verdict. Mercouri v. State , 2016 Ark. 37, 480 S.W.3d 864.
At trial, Woods's attorney moved for a directed verdict on the kidnapping charge. Trial counsel argued that the evidence was insufficient to demonstrate that Poole was restrained against her will because she could have driven away when she was in the vehicle by herself while Woods was walking around to the passenger door. Woods's trial counsel also argued that there was no evidence that he had any intention of inflicting injury upon Poole or terrorizing her when he forced her into the vehicle. Trial counsel argued that because the evidence was insufficient to support the kidnapping charge, by definition there could be no capital murder. The underlying felony is an essential element of a capital-felony murder charge. Flowers v. State , 342 Ark. 45, 25 S.W.3d 422 (2000). To prove capital-felony murder, the State must first prove the felony. Id. In response to Woods's motion, the State argued that evidence from events inside the store demonstrated that a kidnapping had already occurred. The State also pointed to testimony that Poole was screaming that Woods would kill her, and that Woods had forced her into the vehicle at gunpoint. The State contended that a jury could have reasonably believed that the facts demonstrated that Woods was either in the act of kidnapping Poole, or in flight therefrom. The circuit court agreed and denied the motion.
In his petition below, Woods argued that his appellate counsel failed to "comb the record and present the insufficiency of the evidence claim to the Appellate Court." Woods cited no facts to support his contention that a meritorious argument was not raised on appeal. With respect to his appellate counsel's alleged deficiencies, Woods wrote:
Denial of the effective assistance of Counsel upon direct appeal because appellate counsel failed to raise the properly Preserved issue of the insufficiency of the evidence relied upon by the Jury to convict the Petitioner. And but for appellate counsel's failures to raise this meritorious issue of the insufficiency of the evidence as to the Kidnapping charge, his failures Precluded Appellate review of the matter, and amounts to Denial of Counsel as a right upon direct appeal. Penson v. Ohio , Martinez vs. Ryan , 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) ; and Dansby v. Norris , (8th Cir. 2012) For the Proposition that Petitioner was entitled to the effective assistance of counsel as of right to raise his insufficiency of the evidence claim upon the Kidnapping charge.
Woods's petition did not identify any specific facts in the record that could have been used to buttress his insufficiency argument. Allegations that are unsupported by facts do not provide a basis for either an evidentiary hearing or postconviction relief. Greene v. State , 356 Ark. 59, 146 S.W.3d 871 (2004). It is Woods's obligation to show in his petition that counsel failed to raise some meritorious issue on appeal. Walton v. State , 2013 Ark. 254 (per curiam). Counsel's failure to raise a specific issue had to amount to error of such magnitude that it rendered appellate counsel's performance deficient under the Strickland criteria. Id. Woods's petition failed to identify any such issue, and the circuit court did not clearly err by denying relief on this point. Additionally, viewing *500 the evidence in the light most favorable to the State, and considering only evidence that supports the verdict, we conclude that substantial evidence supports the verdict. Woods therefore cannot make a clear showing that his appellate counsel failed to raise a meritorious issue on appeal. Finally, because Woods identified no facts to support his appellate insufficiency argument below, his alternative argument that remand is required for more specific findings is also not persuasive.
Affirmed.
Hart, J., concurs.
Josephine Linker Hart, Justice, concurring.
This case must be affirmed because the circuit court did not clearly err in disposing of the argument that Mr. Woods actually made in his Rule 37 petition without an evidentiary hearing. I write separately because the majority has utterly disregarded our preservation jurisprudence to craft a holding that ignores the most basic precepts of Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
As Justice Goodson recently wrote in another briefed Rule 37 appeal, Watson v. State , 2014 Ark. 203, 444 S.W.3d 835, "An appellant cannot change the grounds for an argument for the first time on appeal." As a consequence, the Watson court refused to consider the argument. Inexplicably, the majority has abandoned this well-settled rule.
In his Rule 37 petition, Woods argued this point as follows:
Trial counsel knew or should have known that his Representation of the Petitioner did not hinge on the O.J. Simpson case, but on the facts proven in his own case. Inflaming a all white Jury about a Prejudicial case like O.J.'s could have Prejudiced the secret minds of the Jurors to form a Prejudice opinion in their minds towards the Petitioner. The trial records will show where Prospective Juror Jimmy Phillips initiated his opinion in his mind about the O.J. Simpson case and defense counsel agreed that we learned a lot from the O.J. Case. The trial court on its own motion could have requested that such comments and opinion were inappropriate to the court and other Jury members that heard the comments that we learned a lot about the O.J. Case, Who is the "WE" the Prospective Juror Jimmy Phillips was referring to? What did we learn about the O.J. Case? under United States v. Cronic , 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) Prejudice can result when defense counsel fails to Represent his client Properly. Trial Counsel's Performance in this record must be examined under the test of Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to determine was the comments Prejudicial to the Petitioner, did the Jurors Possess a Prejudice opinion towards the Petitioner from the O.J. Simpson case since he to was on trial for killing a white woman. The facts of this claim can only be developed at a evidentiary hearing. Malcom v. Houston , 518 F.3d 624 (8th Cir. 2008) ; Knowles v. Mirzayance , 556 U.S. 111, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009).
The State opposed Woods's argument by stating the following:
4. A member of the venire, Jimmy Phillips, brought up the O.J. Simpson case during the questioning concerning the right of a defendant not to testify. (R. 415-16) The defendant suggests that he could have been prejudiced by the comments, but he makes no showing of the same, and fails to explain how his *501 counsel was ineffective in responding to the comment.
In its order disposing of Mr. Woods's petition, the circuit court framed the issue as follows, describing Woods's argument as:
(b) Counsel was ineffective in making inflammatory remarks to the jury comparing Petitioner's case to the O.J. Simpson murder case.
The circuit court characterized the State's response as:
Additionally, the State, in light of Defendant's argument that the defense counsel was ineffective in bringing up the O.J. Simpson murder case, argues that case was in fact raised by a member of the jury venire, Jimmy Phillips, who brought up the fact of the O.J. Simpson case in responding to questions about a defendant's right not to testify, citing the record at R. 415-16. It argues that the defendant makes no showing that he was in any way prejudiced by Mr. Phillips' comments and that he fails to explain how the defendant's counsel in following up on those comments, was ineffective in any manner.
In disposing of Woods's argument, the circuit court found:
16. Mention of the O.J. Simpson case. The record in this case reflects that the mention started with a venire man while defense counsel was questioning the jury panel. Any questioning by the defense counsel regarding that matter was certainly within the province of defense counsel exercising independent professional judgment in his approach to the issue. While it might have been improper for defense counsel to bring up the subject, he didn't. He just addressed it when it was brought up and the defendant made no showing of a failure to operate within the wide range of effectiveness provided by law and trial counsel.
Thus, the only issue before the circuit court was whether Woods's trial counsel was ineffective in how he responded to a remark made by a venire person raised. The argument raised on appeal and addressed by the majority is, of course, much broader. Pursuant to Watson , this court should not have addressed the argument that Mr. Woods makes on appeal.
If I believed that Mr. Woods's argument comported with our preservation jurisprudence, I would have dissented from the majority's decision. First, the majority has apparently lost sight of the relief that Mr. Woods has requested in this case: an evidentiary hearing. The majority has likewise failed to notice that in the case it relies on, Hayes v. State , 2014 Ark. 104, 431 S.W.3d 882, there was an evidentiary hearing. While there were some questionable trial decisions in Hayes , they were defended by the trial counsel at the evidentiary hearing. Furthermore, on review, we did not uphold the circuit court's finding that all of the decisions were reasonable trial strategy.
In the case before us, the circuit court did not find that analogizing Mr. Woods's case to the O.J. Simpson trial was reasonable trial strategy. In fact, the circuit court suggested otherwise: "While it might have been improper for defense counsel to bring up the subject, he didn't." Perhaps that was why the majority abandoned its role as an appellate court and made its own findings. In my view, the majority's findings are clearly erroneous.
While the Strickland Court stated that "Judicial scrutiny of counsel's performance must be highly deferential," trial strategy must nonetheless be "reasonable." Strickland , supra . There is nothing reasonable about comparing Mr. Woods's case to the O.J. Simpson case. Like Simpson, Mr. Woods is an African American who was *502 accused of brutally murdering his Caucasian girlfriend. Simpson was famously found not guilty in what is regarded as the trial of the century. Furthermore, while the O.J. Simpson trial took place over twenty years before Woods's trial, a docudrama about the sensational murder and trial debuted February 2, 2016, which was less than a week after Woods's trial. Promotion of the FX network series, however, had begun in October 2015, and flooded the airways. Furthermore, O.J. Simpson remained in the news because he was charged and convicted of kidnapping and armed robbery in 2008 and was up for parole in 2017. It is widely believed that Simpson got away with murder. It is inconceivable that any lawyer would bring up the O.J. Simpson case to a venire from which an all-white jury was selected. Calling it trial strategy ignores the fact that the purpose of a defense attorney is to defend his or her client, not ensure the client's conviction.
I concur.

A potential juror did state later in voir dire that "[w]e learned that from the O.J. case, didn't we?" That remark was made in response to trial counsel's statements that an accused has the right to not testify, and nothing negative could be inferred from such a decision. Trial counsel responded that "[w]e learned a lot from the O.J. case."