Cite as 2019 Ark. 270

# SUPREME COURT OF ARKANSAS

**No.** CR–18–675

| | |
|---|---|
| EUGENE WESLEY<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** October 10, 2019<br><br>PRO SE APPEAL FROM THE NEVADA COUNTY CIRCUIT COURT AND APPELLANT'S MOTION FOR FILE-MARKED COPY OF APPELLANT'S BRIEF<br>[NO. 50CR-93-27]<br><br>HON. RANDY WRIGHT, JUDGE<br><br><u>AFFIRMED; MOTION GRANTED</u>. |

**ROBIN F. WYNNE**, **Associate Justice**

Appellant Eugene Wesley appeals the denial by the trial court of his pro se petition to correct an illegal sentence under Arkansas Code Annotated section 16-90-111 (Repl. 2016).[1] We affirm the trial court order because Wesley did not establish that the sentence being challenged was an illegal sentence and because it was not timely filed. Accordingly, the trial court was not wrong to deny relief under the statute. Also, it appears that the trial court may have treated the petition as one filed under Arkansas Rule of Criminal Procedure 37.1 (2018).[2] Under Rule 37.2(b), the petition was untimely filed and it was an

---

[1]Appellant has filed a motion for a file-marked copy of the brief that he filed in this appeal. As appellant submitted seven copies of the brief rather than the six copies that the rules require, the motion is granted.

[2]This court has held that a petition for postconviction relief challenging a judgment, regardless of the label placed on it by the petitioner, can be considered pursuant to Rule 37.1. *Latham v. State*, 2018 Ark. 44.

unauthorized successive petition subject to dismissal on that basis, and the trial court did not err in denying it pursuant to the Rule.

*History*

In 1993, Wesley was found guilty by a jury of aggravated robbery, kidnapping, and theft of property. Sentences were imposed of life, twenty years, and ten years, respectively. The kidnapping sentence was ordered to be served consecutively to the life sentence for aggravated robbery. We affirmed. *Wesley v. State*, 318 Ark. 83, 883 S.W.2d 478 (1994). Evidence adduced at trial reflected that Wesley entered a store in 1993, held a knife to a store employee's throat, took money from the cash register, and forced the employee to leave with him in her vehicle. The employee, who was eventually released, identified Wesley as the perpetrator of the aggravated robbery, kidnapping, and theft of property.

*Standard of Review Under Section 16-90-111 and Rule 37.1*

The trial court's decision to deny relief under section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Jackson v. State*, 2018 Ark. 291, 558 S.W.3d 383. Likewise, a decision on a petition for postconviction relief pursuant to Rule 37.1 will not be reversed unless the trial court's ruling is clearly erroneous. *Wood v. State*, 2015 Ark. 477, 478 S.W.3d 194. With respect to orders on both section 16-90-111 and Rule 37.1 petitions, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *See, e.g., Swift v. State*, 2018 Ark. 74, 540 S.W.3d 288 (The trial court's decision to deny relief under section 16-90-111 was not clearly erroneous and was affirmed.); *see also Woods v. State*, 2019 Ark. 62, 567 S.W.3d

494 (The trial court's decision to deny relief under Rule 37.1 was not clearly erroneous and was affirmed.).

*Section 16-90-111*

Section 16-90-111(a) provides authority to a trial court to correct an illegal sentence at any time. *Jenkins v. State*, 2017 Ark. 288, 529 S.W.3d 236. An illegal sentence is one that is illegal on its face. *Jackson v. State*, 2018 Ark. 209, 549 S.W.3d 346. A sentence is illegal on its face when it is void because it is beyond the trial court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Swift*, 2018 Ark. 74, 540 S.W.3d 288. Sentencing is entirely a matter of statute in Arkansas, and a sentence is illegal when it exceeds the statutory maximum, as set out by statute, for the offense for which the defendant was convicted. *Fischer v. State*, 2017 Ark. 338, 532 S.W.3d 40.

The petitioner seeking relief under section 16-90-111(a) carries the burden to demonstrate that his or her sentence was illegal. *Latham*, 2018 Ark. 44. Therefore, Wesley was entitled to no relief under section 16-90-111 unless he established that the judgment in his case was illegal on its face.

Wesley alleged in his petition under section 16-90-111 that the sentence for aggravated robbery was illegal because it exceeded the "mandatory minimum" sentence permitted under the sentencing statutes in effect in 1993 when he committed the offenses. He also contended that the convictions for the three offenses violated the Double Jeopardy Clause because they arose "from the same set of facts."[3] Wesley raises the same arguments

---

[3]The general rule in Arkansas is that a "continuing course of conduct crime" under Ark. Code Ann. § 5-1-110(a)(5) may only be prosecuted under one charge. *Hagen v. State*,

3

on appeal and also contends that an evidentiary hearing should have been held on his petition and that the trial court failed to make written findings of fact on the petition.

*Double Jeopardy Claim under Section 16-90-111*

We have held that the claim that multiple convictions violated the provision against double jeopardy constitutes an assertion that the judgment was imposed in an illegal manner, not that the judgment is facially invalid. *Jenkins*, 2017 Ark. 288, 529 S.W.3d 236. Accordingly, double-jeopardy claims are claims that should have been raised at trial or in a postconviction petition filed pursuant to Rule 37.1. *See State v. Montague*, 341 Ark. 144, 14 S.W.3d 867 (2000) (explaining that double-jeopardy claims must be raised at trial or in a petition under the Rule); *see also Rowbottom v. State*, 341 Ark. 33, 36, 13 S.W.3d 904, 906 (2000) (holding that double-jeopardy claims are fundamental claims that can be raised for the first time in petitions for postconviction relief pursuant to Rule 37.1). A petition under section 16-90-111 is not a substitute for raising a claim under the Rule. *See Stewart v. State*, 2018 Ark. 166, 546 S.W.3d 472.

The time limitations on filing a petition under section 16-90-111(a)(b)(1) alleging that the sentence was imposed in an illegal manner were superseded by Rule 37.2(c). *Swift*, 2018 Ark. 74, 540 S.W.3d 288. Rule 37.2(c)(ii) mandates that a petition seeking relief under

---

318 Ark. 139, 883 S.W.2d 832 (1994). A "continuing offense" is one that is a "continuous act or series of acts set on foot by a single impulse and operated by an unintermittent force." *Britt v. State*, 261 Ark. 488, 549 S.W.2d 84 (1977). The test to determine if a situation involves a continuing offense is "whether the individual acts are prohibited, or the course of action which they constitute; if the former, then each act is punishable separately; if the latter, there can be but one penalty." *Id*. at 493, 549 S.W.2d at 86 (quoting Wharton, *Criminal Law*, 11th ed. § 34 n.3). Here, Wesley's conduct violated three separate criminal statutes with differing elements. His offenses may have been committed in one episode, but the offenses were separate and punishable as separate offenses.

the Rule must be brought within sixty days following issuance of the mandate on direct appeal from the judgment. Wesley's petition was filed almost twenty-three years after the mandate in his case had been issued and was untimely under Rule 37.2(c)(ii). *Jackson*, 2018 Ark. 291, 558 S.W.3d 383.

*Double Jeopardy Claim under Rule 37.1*

In 1994, Wesley filed a Rule 37.1 petition in the trial court after the judgment in his case was affirmed on appeal. When his Rule 37.1 petition was denied, the trial court did not indicate in its order that Wesley had been granted leave to file a subsequent petition.[4] Rule 37.2(b) provides that all grounds for relief, including claims that a sentence is illegal or was illegally imposed, must be raised in the original petition filed under the Rule unless the original petition was denied without prejudice to filing a subsequent petition. Therefore, Wesley's petition if considered pursuant to the Rule was a successive petition, and he was not entitled to relief on his double jeopardy claim or any other allegation contained in the subsequent petition. A successive postconviction petition will not be entertained when the original petition was not specifically dismissed without prejudice to filing a subsequent petition. *Grooms v. State*, 293 Ark. 358, 737 S.W.2d 648 (1987).

*Life Sentence for Aggravated Robbery under Section 16-90-111 or Rule 37.1*

Wesley alleged that his life sentence is illegal on its face because it contravened the mandatory sentences set forth in Arkansas Code Annotated section 5-12-103(c) (Repl. 1993). However, aggravated robbery is defined in the same code section as a Class Y felony.

---

[4]Wesley timely filed a notice of appeal from the order, but he did not tender the record to this court in a timely fashion, and he filed a motion for rule on clerk that was denied. *Wesley v. State*, CR–96–86 (Ark. Mar. 11, 1996) (unpublished per curiam).

*See* Ark. Code Ann. § 5-12-103(b). Pursuant to Arkansas Code Annotated section 5-4-401(a)(1) (Repl. 1993), the maximum sentence for a Class Y felony is "not more than forty years or life." Thus, the life sentence imposed on Wesley did not exceed the maximum sentence allowed for the offense of aggravated robbery and was not illegal on its face. *See White v. State*, 2018 Ark. 81, 540 S.W.3d 291 (holding that a sentence of seventy-five years' imprisonment for aggravated robbery, a class Y felony, was within the statutory range set out in Arkansas Code Annotated section 5-4-501(b)(1) and not facially illegal).

*Failure to Hold a Hearing on the Petition and Make Written Findings of Fact*

Whether considered under section 16-90-111 or Rule 37.1, the trial court was not required to hold a hearing on Wesley's petition. When a petition for postconviction relief is clearly without merit, the trial court may render its decision on the petition without a hearing. *See Williams v. State*, 2019 Ark. 129, 571 S.W.3d 921. With respect to Wesley's assertion that the trial court failed to make written findings of fact and conclusions of law when it denied his petition, the trial court found that the petition was untimely and that it was a successive petition, and it held that the petition should be denied. More specific findings were not necessary. *See Woods*, 2019 Ark. 62, 567 S.W.3d 494. This court can affirm the denial of postconviction relief when it can be determined from the record that the petition is wholly without merit, or when the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Turner v. State*, 2016 Ark. 96, 486 S.W.3d 757. Pursuant to either section 16-90-111 or Rule 37.1, Wesley's petition was not timely filed, and he was not entitled to postconviction relief for that reason.

Affirmed; motion granted.

*Eugene Wesley*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.