STATE of Arkansas *v.* Quincy GRISBY

CR 06-1269                                    257 S.W.3d 104

Supreme Court of Arkansas

Opinion delivered May 17, 2007

[Rehearing denied June 21, 2007.]

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

*Sandra Trotter Phillips* and *Odette Woods*, Office of the Public Defender, Eleventh Judicial Dist.–West, for appellee.

TOM GLAZE, Justice. This appeal concerns a circuit court's authority to modify the sentencing portion of a negotiated plea agreement after the court had accepted the plea but before the court entered the judgment and commitment order. We affirm the circuit court because the sole issue argued by the State was not properly preserved for appeal.

Appellant State of Arkansas and Appellee Quincy Grisby entered into a negotiated plea agreement that disposed of Grisby's offenses pending in three separate criminal cases filed in Jefferson County Circuit Court. Grisby agreed to accept the State's offer, which proposed that he plead guilty to aggravated robbery and attempted capital murder and serve concurrent twenty and twenty-five year sentences for those respective crimes. At a hearing held on August 7, 2006, the circuit court accepted the terms of the plea and pronounced sentences at the sentencing hearing. However, prior to entering its judgment and conviction order, the circuit court sua sponte informed the parties that it would not accept the sentencing portion of the negotiated plea, and it scheduled another sentencing hearing. In response to the circuit court's decision to conduct another hearing, the State filed a motion for recusal on August 14, 2006. In that motion, the State alleged that the circuit court judge was prejudiced by her interaction with Grisby while she was a prosecutor. At the resentencing hearing on August 15, 2006, the issues on the table were two-fold: (1) should the circuit court judge recuse from the case (2) and, if not, did the circuit court have the authority, under the rules of criminal procedure, to reduce Grisby's sentence prior to entry of the judgment?

The circuit court judge did not recuse and counsel for the State argued that, pursuant to the Arkansas Rules of Criminal Procedure, the circuit court was prohibited from departing from the terms of the negotiated plea. The circuit court subsequently reduced Grisby's concurrent twenty and twenty-five year sen-

tences to fifteen-year sentences for aggravated-robbery and attempted capital murder, which is within the sentencing range for those crimes. *See* Ark. Code Ann. § 5-4-501 (Repl. 2006). On August 24, 2006, in response to the State's request for specific findings, the court entered findings of fact and conclusions of law to explain the resentencing decision. A judgment and commitment order was entered the same day, August 24. From that order, the State filed a notice and amended notice of appeal. On appeal, the State argues that the circuit court's modification of the sentencing portion of the negotiated plea violates the separation-of-powers doctrine.

■ As this court has often held, the State's ability to appeal is not a matter of right; rather, it is limited to those cases described under Ark. R. App. P. – Crim. 3. *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002). Under Rule 3, we accept appeals by the State when our holding would establish important precedent or would be important to correct and have a uniform administration of the criminal law. *Id.* In this appeal, the issue raised by the State concerns the circuit court's authority to modify the sentencing portion of a negotiated plea agreement after the court had accepted the plea but before the court entered the judgment and commitment order. Because our holding in this case would be important to correct and have uniform administration of the criminal law, we accept jurisdiction of this appeal.

■ The State's sole point on appeal is that the circuit court violated the separation-of-powers doctrine by modifying the sentencing portion of the negotiated plea. Unfortunately, this issue is not preserved for appeal. A careful review of the record reveals that the State never argued the separation-of-powers doctrine to the circuit court. At the resentencing hearing, the State inquired from the circuit court what authority or citation it was relying on to reduce Grisby's sentence. The circuit court responded, indicating that it was relying on Ark. R. Crim. P. – 25.3. At that time, the State asked the court for a brief recess to prepare its argument. When the parties returned on record, the State began as follows:

> MR. KIZAR: Your Honor, it is the State's position that the threshold question in this matter if the court decides pursuant to Rule 25.3 to reject the plea negotiation as the court previously accepted, and just for purposes of argument, we'll say the court has the authority to do

> that, fine, the court rejects that plea offer. Then because the procedure that would allow the court to sentence pursuant to Rule 25.3 was not followed, the threshold question becomes Rule 31.1, and you have to read them in conjunction with one another.

As the above-quoted section reflects, the State limited its argument to the circuit court's lack of authority to resentence Grisby under our rules of criminal procedure. Nowhere in the record did the State argue that the circuit court was violating the separation-of-powers doctrine. In response to Grisby's argument that the issue is not preserved, the State, in its reply brief, argues:

> [Grisby's] preservation bar is simply mistaken. There is nothing talismanic about the phrase "separation-of-powers doctrine" that had to be intoned below, as [Grisby] implies, to preserve the State's argument that what the circuit court did effectively violated that doctrine. The State's argument was (and is) that the circuit court's reduction of sentences for which the State had bargained unfairly bound only the State to the negotiated agreement.

In sum, the State is saying that the nature of the State's argument below was a separation-of-powers argument irrespective of the fact that the name "separation of powers" was never mentioned in the record below. This argument is unconvincing. The nature of the State's argument below was purely a procedural argument — that the circuit court did not comply with the rules of criminal procedure in modifying Grisby's sentences. In criminal cases, issues raised, including constitutional issues, must be presented to the circuit court in order to be preserved for appeal. *Standridge v. State,* 357 Ark. 105, 161 S.W.3d 815 (2004). We will not address arguments that are raised for the first time on appeal. *Id.* The State did not raise this separation-of-powers argument below; thus, it is not preserved for appellate review. Moreover, we cannot address the issues argued below relating to the criminal procedural rules, because the State chose not to make that specific argument on appeal. In other words, that argument made below but not in this appeal is considered abandoned. *See Jordan v. State,* 356 Ark. 248, 147 S.W.3d 691 (2004); *Rankin v. State,* 365 Ark. 255, 227 S.W.3d 924 (2006). Accordingly, we must affirm the circuit court without reaching the underlying merits presented on appeal.

Affirmed.