SLIP OPINION

Cite as 2015 Ark. 331

# SUPREME COURT OF ARKANSAS

No. CR-14-992

| | |
|---|---|
| CHEYENNE FINK<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** September 24, 2015<br><br>APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. CR-2012-0163]<br><br>HONORABLE J.W. LOONEY, JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Cheyenne Fink appeals the judgment and order finding her guilty of first-degree murder and sentencing her to life imprisonment. On appeal, Fink contends that the circuit court erred when it denied her motions for directed verdict because the State failed to present sufficient evidence that she acted with the purpose of causing Cole's death and Fink proved by a preponderance of the evidence that she suffered from mental disease or defect that prevented her from conforming her behavior. Appellant also argues that comments made by the State during closing argument violated her right to a fair trial. We find no error and affirm.

## I.  *Relevant Facts*

On the morning of December 3, 2012, seventeen-year-old Fink told her mother that she was leaving their home to go for a walk. During her walk, Fink encountered eighty-year-old Loyd Cole. Fink stabbed Cole thirty-six times with a knife she was carrying. Cole

1

SLIP OPINION

died as a result of the stab wounds and his body was found face up in a ditch. Fink left a trail of blood running from the body to the front steps of her house.

When Fink returned home, she was short of breath and had a large cut on her left arm. Her mother examined her daughter's cut and called her husband to come home. Fink took a shower and asked her mother to wash her clothes. When her father arrived home, police were outside examining the trail of blood leading to the home. He told the police officers that the blood was his daughter's and that she had cut herself.

The police obtained a search warrant for the Fink home. They discovered several knives in Fink's bedroom, including one under Fink's pillow, and bloodstained clothes in the washing machine. Blood samples taken from the knife and Fink's pants matched Cole's DNA. The police interviewed Fink but she denied killing Cole, stating that that she did not recall seeing him that day. She told police that she cut herself because she missed her deceased brother and had planned to kill herself that morning.

The State filed first-degree-murder charges against Fink. At trial, Fink asserted the defense of not guilty by reason of mental disease or defect; but, after the jurors heard the testimony of expert witnesses on both sides, they rejected the defense and found Fink guilty of first-degree murder. Fink was sentenced to life imprisonment. Thus, this court's jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(2) (2014).

## II. *Sufficiency*

Fink argues that the circuit court erred by not granting her motion for directed verdict because the State failed to introduce substantial evidence that, given her mental

SLIP OPINION

condition, she acted with the purpose of causing death to Cole. The State disagrees. A directed verdict is a challenge to the sufficiency of the evidence. *Durham v. State*, 320 Ark. 689, 693, 899 S.W.2d 470, 473 (1995). In reviewing a challenge to the sufficiency of the evidence, we determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Malone v. State*, 364 Ark. 256, 261, 217 S.W.3d 810, 813 (2005). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.* This court does not weigh the evidence presented at trial or assess the credibility of the witnesses, as those are matters for the fact-finder. *Mathis v. State*, 2012 Ark. App. 285, at 4–5, 423 S.W.3d 91, 95. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.* On appeal from a denial of a directed verdict, this court views the evidence in the light most favorable to the appellee, in this case, the State, and affirms if there is substantial evidence to support the verdict. *Id.*

A person commits murder in the first degree if, with the purpose of causing the death of another person, the person causes the death of another person. *See* Ark. Code Ann. § 5-10-102(a)(2) (Repl. 2013). A person acts purposely with respect to his or her conduct or as a result of his conduct when it is his conscious object to engage in conduct of that nature or to cause the result. *See* Ark. Code Ann. § 5-2-202(1) (Repl. 2013).

Here, Fink does not deny that she murdered Cole. Rather, she argues that she could not have acted with the purpose of causing Fink's death given her mental condition. There

is sufficient evidence to support the conclusion that Fink purposely caused Cole's death. At the age of eighty, Cole was a vulnerable victim. Witnesses for the State testified that Cole was stabbed approximately thirty-six times, and just two of the wounds occurred while Cole was dying or after he died. After the murder, Fink showered, attempted to wash the clothes she was wearing, and hid the knife. When asked by police the location of the knife she was carrying earlier that day, Fink directed them to a knife lying on her desk and not to the knife containing Cole's blood.

Fink contends the proof at trial was that her mental condition prevented her from acting with the culpable mental state at the time of the murder. While there was evidence of Fink's history of mental difficulties, there was sufficient evidence that she was not acting with such difficulties at the time of the murder. In addition to her deliberate acts after the murder to conceal evidence, law enforcement officers who interacted with Fink the day of the murder testified that they had clear conversations with her, and her mother testified that while Fink can be overly emotional at times, she was calm immediately prior to the murder. While the State did not offer a motive for the murder, the jury could reasonably infer from this evidence that Fink purposely killed Cole.

Fink also argues that the circuit erred in denying her motion for directed verdict of acquittal on her affirmative defense of mental disease or defect. The State contends appellant failed to prove the affirmative defense by a preponderance of the evidence. We find no error.

4

Fink's mental condition was an affirmative defense raised at trial pursuant to Arkansas Code Annotated section 5-2-312 (Repl. 2013). A defendant bears the burden of proving an affirmative defense of mental disease or defect by a preponderance of the evidence. *Davis v. State*, 368 Ark. 401, 406, 246 S.W.3d 862, 867 (2007). On appeal, our standard of review of a jury verdict rejecting the defense of mental disease or defect is whether there is any substantial evidence to support the verdict. *Id.* We will affirm a jury's verdict if there is any substantial evidence to support it. *Id.*

Fink argues that witness testimony, including the testimony from her expert in forensic psychology, demonstrated that she was suffering from mental disease at the time of the murder. At trial, both the appellant and the State offered evidence concerning appellant's mental capacity. Fink's witnesses provided testimony that prior to the murder she had repeated diagnoses of mood disorder and psychosis as evidenced by auditory hallucinations and delusions. Her expert forensic psychologist, Dr. Richard Rogers, testified that these mental diseases made her unable to conform her conduct to the requirements of the law. The State offered the testimony of Dr. Paul Deyoub. Dr. Deyoub testified as to his contrary belief that, although Fink had occasional psychotic features, such as hearing voices, her activities and statements on the day of the murder indicate that she was functioning at a sophisticated level of mental health and was not exhibiting any psychotic thought processes such as delusions or hallucinations at that time.

Medical evidence and expert testimony can be highly persuasive; however, the jury is not bound to accept the opinion testimony of any witness as true or conclusive, including

the opinion testimony of expert witnesses. *Davis*, 368 Ark. at 407, 246 S.W.3d at 868. As the sole judge of the credibility of expert witnesses, the jury has the duty to resolve conflicting testimony regarding mental health competence. *Id.*

This was a credibility determination by the jury, and we affirm upon substantial evidence. The jury heard the contradictory opinion testimony from Dr. Rogers and Dr. Deyoub. However, the jury was entitled to believe the testimony of Dr. Deyoub over Dr. Rogers and to find that Fink had not proved the defense of mental disease or defect by a preponderance of the evidence. Accordingly, we find no merit to appellant's argument because there is sufficient evidence to support her conviction.

III.    *Wicks Exception*

Fink also argues that, during closing argument, the State's attorney made comments that violated her constitutional right to a fair trial. Fink concedes that she did not make a timely objection and argument regarding the exercise of her right to fair trial; however, she argues that it is properly presented on appeal because one of the four exceptions outlined in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980) applies. The State avers that the *Wicks* exceptions do not apply, that the issue was not properly preserved and that, regardless, the argument is without merit. We agree with the State that the *Wicks* exceptions do not apply and that the argument is not properly preserved.

Fink argues that, during the prosecutor's closing argument, he was erroneously allowed to make statements that violated her constitutional right to fair trial, such as: calling the field of psychology "psycho-babble"; referring to the plaintiff's forensic psychologist as

6

a "so-called expert"; stating that the affirmative defense of mental disease or defect was a "cop out"; and suggesting that the jury could not trust the Department of Health and Human Services to keep the defendant detained.

However, as admitted by Fink, no objection was presented to the circuit court when these comments were made by the prosecutor. The law is well settled that to preserve an issue for appeal a defendant must object at the first opportunity. *Thomas v. State*, 370 Ark. 70, 74, 257 S.W.3d 92, 96–97 (2007). A party who does not object waives such argument on appeal unless one of the four exceptions set forth in *Wicks,* 270 Ark. 781, 606 S.W.2d 366, applies. *Id.* In *Wicks*, we presented the following four narrow exceptions to the contemporaneous-objection requirement: (1) when the trial court, in a death-penalty case, fails to bring to the jury's attention a matter essential to its consideration of the death penalty itself; (2) when defense counsel has no knowledge of the error and thus no opportunity to object; (3) when the error is so flagrant and so highly prejudicial in character that the trial court should intervene on its own motion to correct the error; and (4) when the admission or exclusion of evidence affects a defendant's substantial rights. *Id.*

Fink contends that the third exception enumerated in *Wicks* applies in the instant case. Regarding the third exception, we explained that it "is a mere possibility, for it has not yet occurred in any case." *Id*. at 786, 606, S.W.2d at 369. Because we intended the third exception to be narrow, we cautioned that a reversal where the trial court failed to intervene would be an "extremely rare exception to our basic rule." *Id*. at 787, 606 S.W.2d at 370.

Our case law is clear that *Wicks* presents only narrow exceptions that are to be rarely applied. *See Anderson v. State*, 353 Ark. 384, 108 S.W.3d 592 (2003). We are not inclined to extend the third exception in *Wicks* to the facts of this case.

Finally, we note that under Arkansas Supreme Court Rule 4–3(i), the record has been reviewed for all errors prejudicial to Fink. No reversible error has been found.

Affirmed.

*Gina H. Reynolds*, Arkansas Public Defender Commission, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.