

Cite as 2016 Ark. 37

# SUPREME COURT OF ARKANSAS

**No.** CR-14-636

| | |
|---|---|
| MICHAEL A. MERCOURI | **Opinion Delivered** February 4, 2016 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-13-1755] |
| V. | |
| STATE OF ARKANSAS | HONORABLE HERBERT T. WRIGHT, JUDGE |
| APPELLEE | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Michael Mercouri appeals the judgment and commitment order finding him guilty of aggravated robbery. He argues that insufficient evidence supports the verdict and that the jury's verdicts were improperly inconsistent. We accepted certification from the Court of Appeals. We find no error and affirm.

## I. *Relevant Facts*

In April 2013, Kelvin Perry, the general manager of Aaron's in North Little Rock, was leaving work for lunch and to make a deposit at the bank. As he was walking through the Aaron's parking lot, he heard someone yell his name. Perry saw Mercouri, a former temporary employee, sitting in his vehicle. Perry recognized Mercouri and walked over to him. Mercouri inquired why Perry had not asked him to work lately. Perry responded that he did not need any additional help. Mercouri then reached down, pulled out a gun, and placed it on his lap. Perry "didn't think anything of it" until Mercouri grabbed him by the sleeve of his jacket, tried to pull him through the car window, and said "[G]ive me your money." Mercouri grew angry and pointed the gun toward Perry when Perry responded

that he did not have any money. Mercouri ordered Perry to get in the back seat of the vehicle. Perry opened the back door of the vehicle but, instead of getting in, he suddenly ran across the street. Mercouri immediately left the scene, and Perry called the police.

Officer Randy Flippin with the North Little Rock Police Department responded. Perry identified Mercouri as the assailant and gave a description of Mercouri's vehicle. Within an hour, Officer Flippin located Mercouri at his address in Jacksonville. The firearm was never recovered from Mercouri.

The State charged Mercouri with aggravated robbery, felon in possession of a firearm, and employing a firearm as a means of committing a felony. The jury convicted him of aggravated robbery but found that he was not armed with a deadly weapon for purposes of the firearm enhancement. He was sentenced to ten years in the Arkansas Department of Correction. Following sentencing, the felon-in-possession-of-a-firearm charge, which was scheduled for a separate trial, was nolle prossed.

## II. *Motion for Directed Verdict*

For his first point on appeal, Mercouri argues that the circuit court erroneously denied his motion for directed verdict. A directed verdict is a challenge to the sufficiency of the evidence. *Fink v. State*, 2015 Ark. 331, 469 S.W.3d 785. A challenge to the sufficiency of the evidence asserts that the verdict was not supported by substantial evidence, direct or circumstantial. *Id*. Substantial evidence is evidence of sufficient force and character that compels with reasonable certainty a conclusion without resorting to speculation and conjecture. *Id*. Credibility of witnesses is an issue for the jury, not this court. *Conte v. State*, 2015 Ark. 220, 463 S.W.3d 686. The trier of fact is free to believe all or part of any

witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.* In reviewing a sufficiency challenge, we view the evidence in the light most favorable to the State, considering only evidence that supports the verdict. *Id.*

Mercouri changes his motion-for-directed-verdict argument on appeal. At trial, he argued to the circuit court that the evidence was insufficient because there was no evidence, other than Perry's testimony, that he was armed with a deadly weapon. He does not raise this argument on appeal. Rather, on appeal, he now argues that his directed-verdict motion was improperly denied because the jury's verdicts were inconsistent. However, this directed-verdict argument is not preserved on appeal because Mercouri did not make this specific argument to the trial court. We will not address arguments that are raised for the first time on appeal. *State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007); *Standridge v. State*, 357 Ark. 105, 161 S.W.3d 815 (2004). Because this was not the basis of his directed verdict motion to the trial court, it is not preserved for appellate review. Moreover, we cannot address the issues argued below relating to whether the State presented sufficient evidence to carry the aggravated-robbery charge because Mercouri abandoned that argument when he chose not to make it on appeal. *Grisby*, 370 Ark. at 68, 257 S.W.3d at 107. Therefore, we affirm the circuit court's denial of Mercouri's motion for a directed verdict.

III. *Motion to Set Aside Guilty Verdict*

After the jury found Mercouri guilty, he moved to set aside the guilty verdict on the aggravated-robbery charge because it was inconsistent with the acquittal on the firearm enhancement. He now appeals the denial of that motion. Mercouri alleges that the verdicts were inconsistent because the jury found him not guilty of employing a firearm for purposes

of the firearm enhancement but guilty of aggravated robbery, which requires a finding that he was armed with a deadly weapon.[1]

Although Mercouri is correct that the two verdicts appear inconsistent, it is well settled that a defendant may not attack his conviction on the basis its repugnancy. *Jordan v. State*, 323 Ark. 628, 631, 917 S.W.2d 164, 165 (1996). "A jury may convict on some counts but not on others, and may convict in different degrees on some counts, because of compassion or compromise, and not solely because there was insufficient evidence of guilt." *Id.* The jury is free to exercise lenity if it believes that a conviction on one count would provide sufficient punishment. *McVay v. State*, 312 Ark. 73, 847 S.W.2d 28 (1993) (quoting *United State v. Romano*, 879 F.2d 1056 (2d Cir. 1989)). Accordingly, Mercouri's argument is without merit.

Affirmed.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel H. Kemp*, Ass't Att'y Gen.; and *Rafael Gallaher*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.

---

[1] On the aggravated-robbery charge, the jury was instructed:

Michael Mercouri is charged with the offense of Aggravated Robbery. To sustain this charge, the State must prove the following:

First: That with the purpose of committing a theft, Michael Mercouri employed or threatened to employ physical force upon another; and

Second: That Michael Mercouri was armed with a deadly weapon.

"Deadly weapon" means a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious physical injury.

"Physical force" means any bodily impact, restraint or confinement.

"Purpose." A person acts with purpose with respect to his conduct when it is his conscious object to engage in the conduct.

*See* AMI Crim. 2d 1201.