Cite as 2021 Ark. 16

# SUPREME COURT OF ARKANSAS

No. CR–20–88

ANTHONY DEWAYNE BROWN

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered:** February 4, 2021

APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-19-9]

HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE

AFFIRMED.

**RHONDA K. WOOD, Associate Justice**

Anthony Brown appeals his conviction for first-degree murder, for which he was sentenced to life imprisonment. Brown poured gasoline on Jessie Burton and set him on fire. Burton later died at the hospital. Brown appeals solely the sufficiency of the evidence on causation because a contributing cause of Burton's death was heart disease. We affirm.

On New Year's Eve, Brown crossed paths with a group that included Burton. The men exchanged words, and the interaction included threats. Brown drove away and returned with a shotgun. Brown did not use the gun but left again only to return later with a handgun. At this point, Burton's friends interceded, and Brown went home. Burton and his group of friends relocated to a friend's trailer. Over an hour later, Brown returned and found Burton sitting on the steps outside the trailer, approached Burton, and threw a cup of gasoline on him. The two men began to struggle when Brown lit a cigarette lighter and

ignited Burton's upper torso, arms, and face. Burton died less than two hours later at the hospital.

Brown was convicted of first-degree murder and received a sentence of life imprisonment. On appeal, Brown argues that insufficient evidence supported the first-degree murder conviction because he did not "cause" Burton's death. He contends Burton's underlying heart condition caused his death and the fact that Burton died almost two hours after being lit on fire means the causes could not be "concurrent." Lastly, he argues that the State did not prove causation beyond a reasonable doubt.

When we review a challenge to the sufficiency of the evidence, we consider whether there is substantial evidence to support the verdict. *Fink v. State*, 2015 Ark. 331, at 3, 469 S.W.3d 785, 787. Substantial evidence is evidence that would compel a conclusion one way or the other beyond suspicion or conjecture. *Collins v. State*, 2020 Ark. 371, at 3, 610 S.W.3d 653, 655. We evaluate the facts of record in the light most favorable to the State. *Id*.

In criminal matters, "causation may be found when the result would not have occurred but for the conduct of the defendant operating either alone or concurrently with another cause unless: (1) the concurrent cause was clearly sufficient to produce the result; and (2) the conduct of the defendant was clearly insufficient to produce the result." Ark. Code Ann. § 5-2-205 (Repl. 2013). One whose wrongdoing is a concurrent proximate cause of an injury is criminally liable as if his wrongdoing was the sole proximate cause of the harm done. *Nichols v. State*, 2017 Ark. 129, 517 S.W.3d 404. For example, "if poison is administered to a man debilitated by multiple diseases, it is a but-for cause of his death even

2

if those diseases played a part in his demise, so long as, without the incremental effect of the poison, he would have lived." *Burrage v. United States*, 571 U.S. 204 (2014).

Viewing the evidence in the light most favorable to the State, Jeremiah Williams testified that Brown threw a cup of gasoline on Burton and subsequently "lit him on fire." Lameteca Caldwell testified that "[Brown] lit the lighter to Jesse [Burton]." At trial, the medical examiner, Dr. Adam Craig, explained that Burton's cause of death was thermal cutaneous burns with a contributing cause of heart disease. He stated that the burns were the direct cause of death. Heart disease was "instrumental" in causing Burton's death because the burns alone would not have killed him. However, according to Dr. Craig, if Burton had not been set on fire, he would not have died that day. Dr. Craig's report, which was admitted into evidence at trial, explained that the pain and stress of the burns put excessive strain on the diseased heart, leading to its failure. Consequently, while a concurrent cause (heart disease) existed, that alone was not "clearly sufficient" to cause Burton's death. Stated differently, but for the burns caused by Brown, Burton would not have died. Additionally, Brown gives no authority to support his argument that the temporal connection between him lighting Burton on fire and the death approximately two hours later was too attenuated. We will not consider an argument not supported by any legal authority. *See Robinson v. State*, 348 Ark. 280, 72 S.W.3d 827 (2002).

Finally, Brown argues that the State failed to prove causation beyond a reasonable doubt, but on appeal, our standard of review is whether substantial evidence supported the verdict. *See Fink*, 2015 Ark. 331, at 3, 469 S.W.3d at 787. While Dr. Craig provided his medical opinion and admitted he was not 100 percent certain as to causation, it was the

3

jury's province, not this court's, to judge the credibility of his testimony and to weigh the evidence. *Navarro v. State*, 371 Ark. 179, 264 S.W.3d 530 (2007). Because the State presented sufficient evidence for the jury to conclude that Brown caused Burton's death, we affirm.

In compliance with Arkansas Supreme Court Rule 4–3(i), we have examined the record for all objections, motions, and requests made by either party that the circuit court decided adversely to the appellant. We find no prejudicial error.

Affirmed.

*Jimmy C. Morris, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.