Cite as 2022 Ark. 12

# SUPREME COURT OF ARKANSAS

No. CR-21-17

| | | |
|---|---|---|
| SAMMIE L. THOMAS, JR. | | Opinion Delivered: January 27, 2022 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT |
| V. | | [NOS. 23CR-16-832; 23CR-16-834] |
| STATE OF ARKANSAS | | HONORABLE CHARLES E. |
| | APPELLEE | CLAWSON, JR., JUDGE |
| | | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Sammie L. Thomas appeals from the trial court's denial of his petition for

postconviction relief filed pursuant to Rule 37.1 of the Arkansas Rules of Criminal

Procedure (2018). Thomas listed the following circuit court case numbers in the style of his

petition for Rule 37.1 relief: 23CR-16-832[1] and 23CR-16-834. However, in the petition filed

below and in his arguments on appeal, Thomas raised claims pertaining solely to his

---

[1]Case number 23CR-16-832 involved Thomas's guilty plea and conviction of additional offenses. As stated above, Thomas made no claims in his petition with respect to these convictions. However, the trial court issued a letter order that was filed on September 22, 2020, denying Thomas's Rule 37.1 petition with respect to convictions resulting from his guilty plea on the basis that the petition was untimely. While Thomas filed a separate notice of appeal as to this letter order, he made no argument on appeal regarding the timeliness of his petition in case number 23CR-16-832, and he has waived consideration of any claims for postconviction relief pertaining to his guilty plea in that case. *Lowery v. State*, 2021 Ark. 97, 621 S.W.3d 140 (Arguments not included in the arguments on appeal are considered abandoned.).

convictions for capital murder and possession of a firearm in case number 23CR-16-834. Those claims are as follows: (1) the trial court failed to inform him of his right to file a motion for a new trial pursuant to Rule 33.3 of the Arkansas Rules of Criminal Procedure and other postconviction remedies; (2) counsel failed to object to a defective information that allegedly deprived him of an opportunity to raise a defense; (3) counsel failed to move for a dismissal of the allegedly defective information during his pretrial arraignment; (4) the Arkansas legislature and the Arkansas Supreme Court violated the Arkansas Constitution by enacting statutes and rules outlining pretrial procedures that expanded the jurisdiction of the trial court; (5) judicial, prosecutorial, and clerical misconduct occurred during the course of his trial and conviction because the deputy prosecutor was not approved by court order and did not have the authority to sign the criminal information.

On appeal, Thomas raises additional claims of ineffective assistance of counsel that were not raised below. We will not consider arguments that are raised for the first time on appeal, including claims of ineffective assistance of counsel. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491. With respect to the claims set forth above that have been reasserted on appeal, we affirm the trial court's conclusion that they lack merit.

I. *Background*

A Faulkner County jury convicted Thomas of capital murder for the death of Robert Lee Givens, and he was sentenced as a habitual offender to life imprisonment without parole. We affirmed. *Thomas v. State*, 2020 Ark. 154, 598 S.W.3d 41. The evidence adduced at trial demonstrated that Thomas fatally shot Givens when he pulled his vehicle alongside Givens's

2

vehicle and fired his gun into the driver's side, striking Givens in the head. The mandate was issued from the direct appeal on May 14, 2020, and Thomas filed a timely petition for Rule 37.1 relief on July 9, 2020. Thereafter, Thomas filed a supplemental Rule 37.1 petition together with multiple motions asking the trial court to consider the supplemental petition. The trial court issued a letter order on September 24, 2020, stating that no order had been entered allowing Thomas to supplement his Rule 37.1 petition; consequently, the trial court dismissed the supplemental petition. The trial court denied Thomas's original petition on the basis that it lacked merit. The trial court subsequently filed a formal order that mirrored the findings and conclusions set forth in the court's letter order.

## II. *Standard of Review*

A decision on a petition for postconviction relief pursuant to Rule 37.1 will not be reversed unless the trial court's ruling is clearly erroneous. *Wesley v. State*, 2019 Ark. 270, 585 S.W.3d 156. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

## III. Strickland *Standard*

Our standard for ineffective-assistance-of-counsel claims is the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Reynolds v. State*, 2020 Ark. 174, 599 S.W.3d 120. Under the *Strickland* standard, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced petitioner's defense. *Id.* Unless a petitioner makes both

3

showings, the allegations do not meet the benchmark on review for granting relief on a claim of ineffective assistance. *Id.*

Counsel is presumed effective, and allegations without factual substantiation are insufficient to overcome that presumption. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. A petitioner has the burden of overcoming the presumption by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.*

A court need not address both components of the inquiry if the petitioner makes an insufficient showing on one. *Williams v. State*, 2019 Ark. 289, 586 S.W.3d 148. To demonstrate prejudice, the petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* Conclusory statements that counsel was ineffective cannot be the basis for postconviction relief. *Id.*

IV. *Claims Raised in Rule 37.1 Petition*

In his first claim for relief, Thomas contends that the trial court failed to advise him of either his right to file a motion for a new trial pursuant to Arkansas Rule of Criminal Procedure 33.3 (2018) or his other postconviction rights. Thomas provides no authority for the proposition that a trial court has a duty to provide legal advice to defendants on matters that do not involve constitutional rights. This court does not address arguments that are not supported by authority or convincing argument. *Rayford v. State*, 2020 Ark. 299.

4

For his second claim, Thomas contends that counsel was ineffective for failing to challenge the information and amended information filed in his case. According to Thomas, the allegedly defective information deprived him of the opportunity to formulate a defense. Specifically, Thomas alleged that the information failed to set forth a "mens rea" or an "actus reus" for the charge of capital murder and that the information failed to set forth an "essential element" of the charge for possession of a firearm. The record demonstrates that the State amended the information on three occasions and filed the final amended information in September 2018, shortly before Thomas's trial. The original information and the three amended informations charged Thomas with capital murder and possession of a firearm.

A criminal information is sufficient if it names the defendant, the offense charged, the statute under which the charge was made, the court, and the county where the alleged offense was committed, and, if it sets forth the principal language of the statute and the asserted facts constituting the offense. *Collier v. Kelley*, 2020 Ark. 77, 594 S.W.3d 50. The final amended information named Thomas as the defendant being charged with capital murder pursuant to Arkansas Code Annotated section 5-10-101 and that the offense occurred in Faulkner County. The information tracks the statutory language by alleging that Thomas purposely discharged a firearm from a vehicle at another vehicle that was occupied, causing the death of another person under circumstances manifesting extreme indifference to the value of human life. The amended information further charged Thomas with violating Arkansas Code Annotated section 5-73-103 by possessing a firearm after being convicted of

5

a prior violent felony and involving the commission of another crime. In addition, the information sets forth the principal language of section 5-73-103 and designates the location of the offense. Thomas does not describe which possession-of-a-firearm element is missing from the original information or the subsequent amended informations. In sum, Thomas has failed to demonstrate that the amended information was defective.

Thomas complains that his counsel failed to move for a dismissal of the information and allowed Thomas's criminal case to move forward for two years without notice of the exact nature of the charges against him. The record demonstrates that prior informations filed in 2016 had charged Thomas with capital murder in furtherance of a felony, but as described above, the 2018 amended information properly described the manner in which the capital-murder offense was committed. To the extent that Thomas alleges that counsel was ineffective by failing to object to and quash the amended information due to the change in the description of the manner in which the crime was committed, he is mistaken.

It is well settled that a felony information may be amended by permission of the trial court up to a certain point after the jury has been sworn, but before the case has been submitted to it, as long as the amendment does not change the nature of the crime charged or create an unfair surprise for the defendant. *See* Ark. Code Ann. § 16-85-407 (Repl. 2005); *Glaze v. State*, 2011 Ark. 464, 385 S.W.3d 203 (citing *Baumgarner v. State*, 316 Ark. 373, 872 S.W.2d 380 (1994)). Here, the amended information provided Thomas with sufficient notice of the charges against him, and the amendment did not change the nature and degree of the offense or create unfair surprise. *Nance v. State*, 323 Ark. 583, 918 S.W.2d 114 (1996)

6

(Pretrial amendment of an information that charged capital murder on the basis of felony murder to add the charge of capital murder on the basis of premeditated and deliberated purpose does not change the nature of the crime charged.); s*ee also Baumgarner*, 316 Ark. 373, 872 S.W.2d 380 (It was not error to allow State to add an allegation to a kidnapping charge that the crime was committed for purpose of terrorizing another.).

Counsel was not ineffective for failing to challenge the amended information and for failing to move for its dismissal. It is not ineffective assistance of counsel if counsel fails to file a motion that would not be meritorious. *Rayburn v. State*, 2021 Ark. 98, 622 S.W.3d 155. Furthermore, the record shows that a probable-cause affidavit was filed in the Faulkner County Circuit Court in connection with Thomas's arrest warrant, and the affidavit set forth the particulars of the offense with which Thomas was being charged. There is no evidence that Thomas was surprised by facts alleged in the amended information. Thomas did not meet his burden of stating facts to affirmatively support his allegation that the inconsistencies in the amended information regarding the manner in which the offense was committed prejudiced his defense under the standard set forth in *Strickland. See Carter v. State*, 2015 Ark. 166, 460 S.W.3d 781. In sum, Thomas failed to demonstrate that his counsel's performance was deficient and that he was prejudiced by the deficient performance. *Reynolds*, 2020 Ark. 174, 599 S.W.3d 120.

Thomas's fourth claim for relief involves conclusory allegations that the Arkansas legislature and this court violated the Arkansas Constitution by enacting Arkansas Code Annotated section 16-81-104(a)(3) (Repl. 2005) and Arkansas Rule of Criminal Procedure

1.6 (2018). Section 16-81-104(a)(3) provides the prosecuting attorney with the authority to file an information charging a person with the commission of an offense. Rule 1.6(b)(i) of the Arkansas Rules of Criminal Procedure defines "prosecuting attorney" as including deputies or assistants. According to Thomas, both the statute and the rule "modify the procedural substantive due process and equal protection of law and the right to a fair and impartial jury." Thomas fails to present any authority or factual support for his claim that the above-cited statute and criminal procedural rule violate the Arkansas Constitution or prevent defendants from receiving fair trials. This court will not consider an argument not supported by any legal authority. *Brown v. State*, 2021 Ark. 16, 614 S.W.3d 820. A conclusory claim without factual substantiation will not support a basis for postconviction relief. *Dennis v. State*, 2020 Ark. 28, 592 S.W.3d 646.

Thomas's final argument on appeal is that the deputy prosecutor was not sworn in by the court and did not have authority to sign the information. Thomas provides no factual support that the deputy prosecutor was not properly authorized by the court or by the senior prosecutor. It is well settled that a deputy prosecutor is authorized to sign an information on behalf of the prosecutor. *See* Ark. Code Ann. § 16-21-113 (Repl. 1999); *see also State v. Eason*, 200 Ark. 1112, 143 S.W.2d 22 (1940) (There is a presumption that a deputy prosecuting attorney acts under the direction of his superior, and until there is failure of the prosecuting attorney to affirm, the information is sufficient to bring the defendant before the court; in consequence, such court acquires jurisdiction.).

Affirmed.

*Sammie L. Thomas, Jr.*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.