Cite as 2023 Ark. 79

# SUPREME COURT OF ARKANSAS

No. CV-22-697

| | | |
|---|---|---|
| MICHAEL HUNTER | | Opinion Delivered: May 11, 2023 |
| | APPELLANT | PRO SE APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT; MOTION TO AMEND REPLY BRIEF |
| V. | | [NO. 09CV-22-34] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | HONORABLE ROBERT B. GIBSON III, JUDGE |
| | APPELLEE | AFFIRMED; MOTION DENIED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant, Michael Hunter, appeals the Chicot County Circuit Court's order denying his petition for writ of habeas corpus. For reversal, Hunter argues that the circuit court erred because (1) his sentence exceeded the statutory maximum, and (2) the statute of limitations had expired on the primary offense underlying his conviction for engaging in a continuing criminal enterprise. We affirm the circuit court's order and deny Hunter's motion to amend his reply brief.

On March 21, 2013, the State charged Hunter with engaging in a continuing criminal enterprise for having violated a felony provision of the Uniform Controlled Substances Act--namely, delivery of a controlled substance, cocaine--as part of a continuing series of two or more felony offenses--namely, delivery of cocaine and delivery of methamphetamine. On April

8, 2014, the State amended the information, broadening the time frame of the offenses, and charged Hunter with engaging in a continuing criminal enterprise for having violated a provision of the Uniform Controlled Substances Act--namely, delivery of a controlled substance, cocaine and methamphetamine--as part of a continuing series of two or more felony offenses--namely, delivery of cocaine and delivery of methamphetamine. Following a bench trial, Hunter was convicted of one count of engaging in a continuing criminal enterprise. He was sentenced as a habitual offender to an aggregate term of 840 months' imprisonment and 120 months' suspended imposition of sentence (SIS). Hunter appealed, and the court of appeals affirmed as modified, remanding the matter for the trial court to correct the sentencing order to impose an aggregate sentence of 840 months' imprisonment, remove the offense titled "habitual offender" as a separate offense, and strike the 120 months' SIS.[1] *Hunter v. State*, 2017 Ark. App. 256, 522 S.W.3d 793.

On April 12, 2022, Hunter filed a petition for writ of habeas corpus in the county of his incarceration pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). Hunter alleged in the petition that the trial court lacked jurisdiction to sentence him because his sentence exceeded the maximum authorized by Arkansas Code Annotated section 5-64-422 (Supp. 2011) and that the "statute of limitations" had expired regarding the primary offense when the State "widen[ed] the dates" of the offenses charging him with the offense of engaging

---

[1]An amended sentencing order was entered in June 2017.

in a continuing criminal enterprise. On August 5, 2022, the circuit court denied the petition. Hunter filed a timely appeal.

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the case. *Myers v. Payne*, 2022 Ark. 156. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26. When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id.*

A petitioner who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Jones v. Kelley*, 2020 Ark. 290. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly

erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408.

On appeal, Hunter first argues, as he did below, that Act 570 of 2011 reduced the penalty for most drug offenses, and as a result, he was sentenced to an excessive term of 840 months' imprisonment for the 2007 alleged delivery of a controlled substance as the primary underlying offense for engaging in a continuing criminal enterprise.[2] Specifically, he contends that delivery of a controlled substance under Arkansas Code Annotated section 5-64-422 is a Class C felony subject to a sentence of 3 to 10 years, not 70 years or 840 months. Hunter's claim does not warrant habeas relief.

The first element to establish engaging in a continuing criminal enterprise pursuant to Arkansas Code Annotated section 5-64-405 (Supp. 2013) is that Hunter committed a felony under the Uniform Controlled Substances Act. *See Hughey v. State*, 310 Ark. 721, 840 S.W.2d 183 (1992). The statute in effect in 2007 when the delivery of methamphetamine was alleged to have occurred was Arkansas Code Annotated section 5-64-401 (Supp. 2007), and delivery of less than 28 grams of methamphetamine was classified as a Class Y felony for "any purpose other than disposition." Ark. Code Ann. § 5-64-401(a)(1)(A). Under the statute in effect when the primary underlying offense was committed, the sentencing range for delivery of

---

[2]Hunter engaged in criminal acts occurring between 2006 and 2013, which resulted in his conviction for engaging in a continuing criminal enterprise.

4

methamphetamine was ten to forty years, or life. *See* Ark. Code Ann. § 5-64-401 (repealed 2011); *see also Harris v. State*, 2018 Ark. 179, at 12, 547 S.W.3d 64, 70 ("[T]his court has consistently held that sentencing shall be in accordance with the statute in effect at the time of the commission of the offense."); *State v. O'Quinn*, 2013 Ark. 219, 427 S.W.3d 668. Under Arkansas Code Annotated section 5-64-405(b)(1), Hunter would be imprisoned for up to two times the term allowed for the primary (a)(1) offense—the 2007 Class Y delivery of methamphetamine. Hunter was sentenced to 840 months' or 70 years' imprisonment—a term well within two times the maximum of forty years' or 960 months' imprisonment. In habeas proceedings, an illegal sentence is one that exceeds the statutory maximum. *Grant v. Payne*, 2022 Ark. 71. Hunter's sentence is well within the statutory limits and is not illegal.

For his second argument, Hunter contends that the trial court lacked jurisdiction to sentence him pursuant to Arkansas Code Annotated section 5-64-405(a)(1) because the underlying felony occurred in 2007, and he was not charged with the offense until an amended criminal information was filed in 2014, meaning the statute of limitations had expired. Hunter has failed to demonstrate that the trial court lacked jurisdiction; therefore, his claim is meritless.

The statute of limitations in the Criminal Code is jurisdictional, unlike some of the civil statutes of limitation that are waived unless pleaded. *Morris v. Weaver*, 2013 Ark. 83. The express wording of the limitations statute in the Criminal Code is a mandatory prohibition on prosecution outside the limitations period, and the expiration of the statute of limitations in a criminal case thus leaves a circuit court without jurisdiction to try the case. *Id*. In a habeas

petition, a claim that the offenses occurred outside the statute of limitations is cognizable since a statute-of-limitations issue implicates jurisdiction to hear the case and cannot be waived. *Id.*; *see Doss v. Norris*, 2010 Ark. 199 (per curiam). Even if a claim is cognizable, however, a showing of probable cause is required to establish a basis for the writ. *See Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991).

Hunter's argument appears to be twofold. First, he contends that the 2007 primary offense—delivery of methamphetamine—was not included among the acts set forth in the original information charging him. Second, he argues that he was not charged with the offense until April 2014, which would have been outside the six-year statute-of-limitations period.

A criminal information is sufficient if it names the defendant, the offense charged, the statute under which the charge was made, the court, and the county where the alleged offense was committed, and, if it sets forth the principal language of the statute and the asserted facts constituting the offense. *Thomas v. State*, 2022 Ark. 12, 637 S.W.3d 268. It is well settled that a felony information may be amended by permission of the trial court up to a certain point after the jury has been sworn, but before the case has been submitted to it, as long as the amendment does not change the nature of the crime charged or create an unfair surprise for the defendant. *See* Ark. Code Ann. § 16-85-407 (Repl. 2005); *Thomas*, 2022 Ark. 12, 637 S.W.3d 268. Here, the amended information provided Hunter with sufficient notice of the charges against him, and the amendment did not change the nature or degree of the offense or create unfair surprise. *See Thomas*, 2022 Ark. 12, 637 S.W.3d 268.

Likewise, Hunter's argument that the statute of limitations had expired is without merit. A prosecution for a Class Y felony offense shall be commenced within six years after the offense was committed. *See* Ark. Code Ann. § 5-1-109(b)(1)(A) (Repl. 2006). Generally, the time a crime is alleged to have occurred is not of critical significance, unless the date is material to the offense. *See* Ark. Code Ann. § 16-85-405(c) (Repl. 2005); *Martin v. State*, 354 Ark. 289, 119 S.W.3d 504 (2003). An offense is committed either when every element occurs or when a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time the course of conduct or the defendant's complicity in the course of conduct is terminated. *See* Ark. Code Ann. § 5-1-109(e). Time, for statute-of-limitations purposes, starts to run on the day after the offense is committed. *Id.*

In determining whether a statute prohibits a continuing course of conduct, this court looks to the words in the statute. *See State v. Gray*, 2016 Ark. 411, 505 S.W.3d 160. A person is guilty of engaging in a continuing criminal enterprise if the violation is part of a continuing series of two or more felony offenses within the subchapter. *See* Ark. Code Ann. § 5-64-405(a)(2). For statute-of-limitations purposes, the offense in Hunter's case was committed shortly before his arrest in March 2013.[3] *See* Ark. Code Ann. § 5-1-109(e). Because the offense was committed in 2013, the information was timely filed for statute-of-limitation purposes. We affirm the denial of Hunter's petition for writ of habeas corpus.

---

[3]This court may take judicial notice in postconviction proceedings of the record on direct appeal without need to supplement the record. *See Williams v. State*, 2019 Ark. 289, 586 S.W.3d 148.

Affirmed; motion denied.

*Michael Hunter*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.