Cite as 2025 Ark. 163

# SUPREME COURT OF ARKANSAS

No. CV-24-585

|  |  |  |  |
|---|---|---|---|
| CRAYTONIA BADGER | | **Opinion Delivered:** October 30, 2025 | |
| | APPELLANT | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [NO. 40CV-24-32] | |
| V. | | | |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION | | HONORABLE JODI RAINES DENNIS, JUDGE | |
| | APPELLEE | AFFIRMED. | |

**SHAWN A. WOMACK, Associate Justice**

Craytonia Badger was convicted in Columbia County of third-degree escape, first-degree criminal mischief, and breaking or entering. Because he was an habitual offender, the court sentenced him to a total of 720 months in the Arkansas Division of Correction. The court of appeals affirmed his convictions.[1] Badger now appeals the denial of his petition for a writ of habeas corpus filed in the county of his incarceration under Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). He claims the trial court lacked jurisdiction to try, convict, and sentence him because the prosecution failed to obtain leave to amend the criminal information as required by section 16-85-407 (Repl. 2005). The circuit court found he had not shown, by affidavit or other evidence, probable cause to believe he was illegally detained. We agree and affirm.

---

[1]*Badger v. State*, 2019 Ark. App. 490, 588 S.W.3d 779.

## I. *Writ of Habeas Corpus*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacks jurisdiction over the cause.[2] Jurisdiction is the power of the court to hear and determine the subject matter in controversy.[3] When the trial court has personal jurisdiction over the appellant and the subject matter of the case, the court has authority to render the judgment.[4] A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides.[5]

Under the statute, a petitioner for the writ who does not allege his or her actual innocence must plead either the facial invalidity of the judgment or the trial court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause that he or she is being illegally detained.[6] Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order.[7] Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is

---

[2]*Hutcherson v. Payne*, 2022 Ark. 127, 644 S.W.3d 415.

[3]*Id.*

[4]*Hogan v. Payne*, 2023 Ark. 99, 668 S.W.3d 466.

[5]*Fuller/Akbar v. Payne*, 2021 Ark. 155, 628 S.W.3d 366.

[6]*Id.* (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)).

[7]*Hogan*, 2023 Ark. 99, 668 S.W.3d 466.

no basis for finding that a writ of habeas corpus should issue.[8]  In habeas proceedings, an illegal sentence is one that exceeds the statutory maximum sentence.[9]

## II.  *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous.[10]  A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made.[11]

## III.  *Claims for Relief*

On appeal, as he did below, Badger argues that the trial judge's notes fail to show approval of any amended criminal informations as required by section 16–85–407.  He contends that because the record contains no express approval of the amendments, the habitual-offender charge was void and the trial court lacked jurisdiction to convict him of anything beyond the original charges.

The law is settled otherwise.  A felony information may be amended with the court's permission after the jury is sworn and before submission—so long as the amendment does not change the nature of the offense or unfairly surprise the defendant.[12] Section 16–85–407 protects a defendant from prejudice caused by surprise.  When an amendment misleads or impedes a

---

[8]*Id.*

[9]*See Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283.

[10]*Lowery v. Payne*, 2023 Ark. 85, 665 S.W.3d 223.

[11]*Id.*

[12]*Hunter v. Payne*, 2023 Ark. 79, 666 S.W.3d 76; *see* Ark. Code Ann. § 16–85–407 (Repl. 2005); *see also Thomas v. State*, 2022 Ark. 12, 637 S.W.3d 268.

criminal defendant in making a defense, a motion to quash under section 16-85-407 may be proper.[13]

Contrary to his claims, there simply is no prejudice or surprise in this matter. This was not an eleventh-hour amendment, nor did Badger seek a motion to quash at trial. Badger merely claims that that the court failed to note the filing of three amended criminal informations, not that he was unaware of the charges or that the information itself was defective.[14] This claim, however, is contradicted by the record. The trial judge's notes show entries on February 27, 2017; October 23, 2018; and November 14, 2018—each reflecting the filing of an amended information.[15] Badger's allegations regarding the prosecution of the criminal offenses are nothing more than allegations of trial error and are not within the purview of a habeas corpus proceeding.[16] The circuit court did not clearly err in declining to issue the writ.

Affirmed.

Special Justice DON CURDIE joins.

BRONNI, J., not participating.

*Craytonia Badger*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.

---

[13]*Id.*; *see Underdown v. State*, 220 Ark. 834, 250 S.W.2d 131 (1952).

[14]*See Anderson v. Kelley*, 2018 Ark. 222, at 3, 549 S.W.3d 913, 915 ("While claims of a defective information that raise a jurisdictional issue—such as a claim of an illegal sentence—are cognizable in habeas proceedings, general defective information allegations are not.").

[15]*See Hunter*, 2023 Ark. 79, at 6, 666 S.W.3d 76, 81 ("A criminal information is sufficient if it names the defendant, the offense charged, the statute under which the charge was made, the court, and the county where the alleged offense was committed, and, if it sets forth the principal language of the statute and the asserted facts constituting the offense.").

[16]*Anderson*, 2018 Ark. 222, 549 S.W.3d 913; *Hoover*, 353 Ark. 424, 108 S.W.3d 618.

4